EDWARD GOODMAN vs. MARY E. RANDALL.

A mortgage drawn for the purpose of securing to *A* a debt due him, was formally witnessed and acknowledged, but by accident was not signed by the mortgagor. In this form it was delivered to *A* and recorded. On the same day the mortgagor conveyed the premises to *B*, the deed containing the following clause: "Subject to a mortgage to *A* for $500, which the grantee assumes and agrees to pay as part consideration of this deed." On a bill in equity brought by *A* against *B* for a correction of the deed and for a foreclosure, it was held—

1. That equity could not furnish relief on the ground that the deed was defectively executed. Such relief could be furnished only by compelling a specific performance of the contract lying behind the deed, and a title thus conveyed or decreed would take effect only from the time of the decree, and would be only such title as the respondent might then have.

2. That specific performance could not now be compelled because the respondent was not the party who contracted to convey, and the party who contracted to convey had no longer any title.

3. That there was no estoppel in pais, as the respondent had done nothing by which the petitioner had been misled.

4. That there was no estoppel by deed, as a grantee is not estopped, by accepting a deed which describes the premises as subject to an incumbrance, from showing that the incumbrance has no existence in fact.

5. That the petitioner was not entitled to a decree of foreclosure, as he had no title legal or equitable, the deed being wholly void.

BILL IN EQUITY, for the reformation of a mortgage deed and for a foreclosure; brought to the Court of Common Pleas of Hartford County. The court found the following facts:

Upon the 19th day of February, 1874, Samuel Hubbard was the owner of the real estate described in the petition, and on that day gave to Eugene S. Allen a certain document purporting to be a mortgage of the real estate, to secure a note of $500, which document was duly witnessed, acknowledged and recorded, and was delivered to the mortgagee.

VOL. XLIV.—41

Hubbard intended to execute the same, but by mistake it was never signed by him.

On the same day Hubbard by a warranty deed, with the usual covenants, conveyed the premises to John D. Parker by a deed of that date, duly executed, acknowledged and recorded, which deed contained the following clause: "Subject to a mortgage to E. S. Allen for the sum of five hundred dollars, which the grantee assumes and agrees to pay as part consideration of this deed; said mortgage is at seven per cent. per annum, payable semi-annually, payable at Hartford at the office of the holder of taxes."

On the 20th day of July, 1874, Parker conveyed the property to Josiah C. Merriam, by a valid deed containing a clause for the assumption of the mortgage by the grantee, like that in the deed of Hubbard to Parker.

On the 21st day of August, 1874, Merriam conveyed the property to the respondent, Mary E. Randall, by a valid deed of that date, containing a clause for the assumption of the mortgage by the grantee like that in the deed of Hubbard to Parker.   The grantees received the deeds, and took possession of the land at the dates of their respective deeds, and the respondent still occupies the same.

Afterwards, on the 15th day of August, 1875, Hubbard executed and delivered to Allen another mortgage of the land to secure the same debt, which mortgage was in all respects like the first, except that it was signed.

On the 20th of July, 1875, Allen assigned to the petitioner for a valuable consideration the mortgage note of $500 and quit-claimed to him all his interest in the land.   The note has never been paid.

Upon these facts the court (*McManus, J.,*) dismissed the bill, with costs.   The petitioner thereupon brought the record before this court by a motion in error.

*E. Goodman*, for the plaintiff in error.

1.   By our statute deeds of land shall be in writing, sealed by the grantor, subscribed with his own hand, witnessed by two witnesses, and acknowledged.   But this statute ought not

to have an absolutely literal construction. There is not one instance in a hundred where the grantor puts the seal on the deed himself, and it has never been decided that it was necessary that he should. Nor is it necessary that he should write his name against the seal on the mortgage. To sign an instrument it is not necessary that the name be written at the end of the instrument; it may be in any part of it. But subscribing means the same thing as signing. *James* v. *Patten*, 8 Barb., 344. The statute of frauds requires all agreements concerning lands to be in writing, signed by the party to be charged therewith. In cases of this kind the name of the party signed in any part of the agreement is sufficient. 1 Parsons on Cont., 28. If the grantor had signed with the wrong name, the deed would have been good. *Middleton* v. *Findla*, 25 Cal., 76. It is good if written by a third person in the grantor's presence. *Videau* v. *Griffin*, 21 Cal., 389; *Jansen* v. *McCahill*, 22 id., 563; *Gardner* v. *Gardner*, 5 Cush., 483; *Frost* v. *Deering*, 21 Maine, 156; *Rex* v. *Inhabitants of Longnor*, 4 Barn. & Adol., 647.

2. The deed of Hubbard to Parker shows that he accepted the mortgage made by him to Allen. Any contemporaneous writing showing that a party had adopted a sealed instrument as his own deed, is good. *Ingoldsby* v. *Juan*, 12 Cal., 564; *Frost* v. *Deering*, 21 Maine, 156. In this case the grantor afterwards did subscribe another deed which was a copy of the original one. This last deed is a full ratification of the former. It is the same as if he had originally signed that deed. *Saltoun* v. *Houstoun*, 1 Bing., 433; *Maclean* v. *Dunn*, 4 id., 722; *Sampson* v. *Easterby*, 9 Barn. & Cress., 505.

3. It is not the grantor that claims this mortgage is not good, but a party who holds a conveyance subject to it, and who has promised to pay the debt secured by it. The grantee of that land, and every one who holds under him, is estopped from making this claim. The deed that conveyed to them the interest of the property that they hold was a sealed instrument. This deed was accepted by the grantee. It is equivalent to an agreement with Hubbard to pay that debt and take the property with that incumbrance. 1 Parsons on Cont.,

223; *Huff* v. *Nickerson*, 27 Maine, 206; *Wickham* v. *Hawker*, 7 Mees. & Wels., 63. It is just as if the deed had been conditioned that Parker might have this property if he would pay the debt of $500. *Webster* v. *Coon*, 31 Wis., 72; *Vermont Mining Co.* v. *Windham County Bank*, 44 Verm., 489; *Choteau's Exrs.* v. *Burlando*, 20 Misso., 482; *Bishop* v. *Schneider*, 46 id., 472; *Ryan* v. *Carr*, id., 483; *Townsend* v. *Ward*, 27 Conn., 610. Hubbard, if he now owned the equity of redemption in this land, would be estopped from claiming that he did not mortgage this to Allen, and so is every one who claims it under him. *Coe* v. *Talcott*, 5 Day, 88; *Preston* v. *Mann*, 25 Conn., 128.

4. This instrument was recorded in the records of the town where the land lies. This is notice to all the world of our title. It is an equitable title that is good to us under our statute. (Gen. Statutes, p. 554, sec. 13.) Besides, we prove here that Hubbard's grantee and every subsequent grantee had actual notice of our claim. They bought subject to that and agreed to pay our debt.

5. A court of equity can rectify the mortgage. *Smith* v. *Chapman*, 4 Conn., 344; *Watson* v. *Wells*, 5 id., 468; *Sumner* v. *Rhodes*, 14 id., 138. Equity will reform it, although it is without seal or signature. 1 Story Eq. Jur., § 174; *Wade* v. *Paget*, 1 Brown Cha. R., 363; *Wadsworth* v. *Wendell*, 5 Johns. Ch., 224.

*C. E. Perkins*, for the defendant in error.

The court below could not pass a decree to foreclose the first mortgage because there never was any such mortgage. As to the second one, it was given when the maker had no interest whatever in the land; and moreover, both that deed and the quit-claim from Allen to the petitioner were void, as given by persons ousted of possession. The bill cannot be sustained as a bill to reform the first deed. 1st. Because the necessary persons are not made parties to it. 2d. Because a court of equity, though it will amend or alter a deed, will not make one. 3d. Because these respondents never agreed to make one. *Dickinson* v. *Glenney*, 27 Conn., 111. The

mere fact that in the deed to them it was stated that there was such a mortgage which they assumed, has no effect on them. It merely stated as a fact that which did not exist. The grantee was not bound by this statement. He had a right to show the actual fact.

CARPENTER, J. The petitioner, the owner by purchase of a note, which the maker attempted to secure by a mortgage of real estate, brings his petition for a foreclosure or relief in some other form. The deed seems to have been witnessed by two witnesses, and has appended to it a certificate of acknowledgment in the usual form, but was never signed by the grantor. In that condition it appears to have been delivered to the grantee and recorded. On the same day the premises, described as subject to this mortgage, were conveyed to a third party, the conveyance stipulating that the grantee should pay the mortgage debt. The deed to the respondent contains similar provisions. The court below dismissed the bill, and the petitioner brings the case before this court by a motion in error.

It is very clear that the petitioner in the present condition of the deed is not entitled to a decree of foreclosure. The deed conveyed no title, legal or equitable; therefore the mortgagee acquired no lien on the property, and there is no equity of redemption to foreclose. Our statute requires all conveyances to be " in writing, sealed by the grantor, and subscribed with his own hand, or with his mark with his name thereto annexed, or by his attorney, &c." The deed not having been signed by the grantor in any form, is not merely a defective conveyance, but is wholly void.

The fact that the person named therein as grantor acknowledged it to be his deed, is not sufficient. An acknowledgment is required, but a compliance in that respect can never dispense with the manual act of subscribing by the grantor.

It is claimed that the deed may be established by a court of equity and thus have validity as a mortgage. Courts of equity will sometimes give effect to deeds that are defectively executed; but not, so far as we know, to a deed defective

because it was not signed by the grantor.   The principle upon which a remedy is thus afforded is that there is a valid contract lying back of the deed which courts of equity will lay hold of and through it give relief.   In *Dickinson* v. *Glenney,* 27 Conn., 112, STORRS, C. J., says: "We confess that it seems to us that this proceeding is not the reformation of a deficient instrument, but belongs rather to the branch of equity jurisprudence which relates to the specific performance of contracts; to the performance of contracts of which the defective instrument is the evidence or memorandum."   If this is a correct statement of the principle, and we think it is, then it is obvious that no relief can be granted which will give effect to this instrument as a valid mortgage from the day of its date.   The decree will operate prospectively only, and upon such title as the party may then have.

Now if it be conceded that the case is not within the statute of frauds, and that there is a valid contract which might be enforced, still there is a difficulty in decreeing a specific performance, inasmuch as the party contracting, and who, if any one, should be directed to perform it, is not before the court; and if he was, a specific performance is impossible, as he long since parted with all his title to other parties.

We are unable to see that the doctrine of estoppel will aid the petitioner.   The original owner cannot be estopped by deed, because the instrument relied on as a deed was never signed.   His grantees, including the respondent, cannot thereby be estopped, because they will be in no worse condition in that respect than their grantor.   They cannot be estopped by the deeds given to and accepted by them.   A grantee by accepting a deed which describes the premises as subject to an incumbrance, is not estopped from claiming that the incumbrance has no existence in fact.   The respondent may or may not be liable in some other form of action upon a promise, express or implied, in her deed.   However this may be, we are satisfied that the petitioner has no lien that can be enforced in this proceeding.

The doctrine of estoppel *in pais* has no application to the case.   This respondent, so far as the record before us dis-

closes, has done no act whereby the petitioner, or any one under whom she claims, has been deceived or misled.

There is no error in the judgment of the court below.

In this opinion the other judges concurred.