CLARA S. BULLOCK *vs.* WILLIAM H. WHIPP *et als.*

A. made a loan of money to B., and received B.'s note, accompanied by a paper signed by B. and his wife, acknowledged and recorded, and which would have been a valid mortgage had it been sealed. C. attached B.'s interest in the realty described in the paper, whereupon A. filed a bill in equity against B. and his wife and C., charging accident and mistake as the cause of the paper not being sealed, actual notice of the paper on the part of C., and praying that the paper might be reformed by affixing seals. C. demurred to the bill.

*Held*, that the demurrer must be overruled.

A man cannot allow another to part with money on the faith of a conveyance, and then, taking advantage of some defect known to himself, claim to have acquired by a subsequent conveyance a title better in equity than that obtained by such other.

BILL IN EQUITY to reform a mortgage. On demurrer to the bill.

The circumstances in which this suit was brought are stated in the opinion of the court.

*Charles A. Wilson & Thomas A. Jenckes*, in support of the demurrer.

1. Equity will not relieve against mistakes arising from negligence. *Brown* v. *Fagan*, 71 Mo. 563; *Atlantic Fire & Marine Ins. Co.* v. *Wilson, Gall & Co.* 5 R. I. 479; *Graham* v. *Berryman*, 19 N. J. Eq. 29; *Dillett* v. *Kemble*, 25 N. J. Eq. 66; *Voorhis* v. *Murphy*, 26 N. J. Eq. 434.

2. By our statute, deeds of land shall be in writing, signed, sealed, and delivered by the party making the same, and acknowledged . . . and recorded. Pub. Stat. R. I. cap. 173, § 3.

Sealing is an essential formality to the execution of any legal conveyance of realty. A mortgage executed without a seal is not a legal mortgage. In equity it amounts to a compact for a mortgage, *and as such creates no lien* as against purchasers from the mortgagor, *or as against his creditors*, or even against an assignee under a general assignment for the benefit of creditors. Jones on Mortgages, § 81; *White* v. *Denman*, 16 Ohio, 59; *Goodman* v. *Randall*, 44 Conn. 321; *Bloom et al.* v. *Noggle et als.* 4 Ohio St. 45; *Erwin* v. *Shuey*, 8 Ohio St. 509.

3. The formal requisite of the acknowledgment of a conveyance is of no more importance than that of sealing. Yet it has been frequently held that the requirements of the statute must be com-

plied with in every particular, or the record of the instrument will be inoperative as constructive notice. *Lessee of Shults* v. *Moore,* 1 McLean, 520, 527 ; *Pringle* v. *Dunn,* 37 Wisc. 449 ; *Galpin* v. *Abbott,* 6 Mich. 17 ; *Graves* v. *Graves,* 6 Gray, 391 ; *Herndon et al.* v. *Kimball et al.* 7 Ga. 432 ; 1 Story Eq. Juris. § 404.

The record of any instrument which discloses a defect in its execution is a mere nullity, and is not notice for any purpose. *Parret* v. *Shaubhut,* 5 Minn. 323.

4. The relief sought here is not the reformation of a deed on account of a material mistake, so that it does not conform to the intention of the parties to the deed, but the court is asked to make a new conveyance out of an instrument which is void on its face, both at law and equity, and to give effect to that instrument as if it had been properly made ten years ago, and to make whatever rights may have accrued since that time subservient to it. The court is asked to contravene the express provisions or policy of the law, and this cannot be done. *Dickenson* v. *Glenny,* 27 Conn. 104.

5. The complainant is not entitled to relief on account of *laches.* *Sable* v. *Maloney,* 48 Wisc. 331.

*James Tillinghast, contra.*

*December* 10, 1885. STINESS, J. The complainant, in September, 1875, loaned thirteen hundred dollars to William H. Whipp, and received his note for that amount, together with a paper purporting to be a mortgage of certain real estate, as security for the note. This paper, in the ordinary form of mortgage, duly signed, acknowledged, and recorded, did not bear the seals of Whipp and his wife. In August, 1884, the respondent, Peck, attached all the right, title and interest of Whipp in said real estate, which he subsequently purchased under a sale by the sheriff. The complainant now prays for a reformation of the mortgage by affixing the seals, on the ground that they were omitted by accident and mistake, charging that Peck had actual notice of the mortgage. Peck demurs to the bill, raising the question whether the complainant is entitled in equity to hold a lien or claim upon the estate, and to have the same perfected, in preference to an attaching creditor who has actual notice of the claim.

Under our statute, conveyances of land must be sealed, as well as signed, acknowledged, delivered, and recorded. The respondent

contends that an instrument lacking either one of these requisites is void, and, therefore, that it cannot be reformed; hence, that the instrument before us is not a legal mortgage, but, at most, only an agreement to give a mortgage, which, though good as between the parties, is not good and not enforcible against third parties, whether creditors or others.

It is well settled that a person who takes a conveyance, with notice of a prior unrecorded transfer, takes it subject to such transfer. A man, knowing that another has paid money for the deed or mortgage of an estate, cannot, by procuring another deed and getting it first recorded, defeat the title of the prior grantee. Nor can a man stand by and see another part with his money upon the faith of a conveyance, and then, taking advantage of some defect known to him, claim that, under a subsequent conveyance, he has acquired a title superior in equity to that of the first purchaser. This is the law, even in the case of a purchaser for value. His title is affected by the notice which he has of the prior equitable title. The reason for this is forcibly stated in *Hart et al.* v. *Farmers' & Mechanics' Bank*, 33 Vt. 252. Judge Redfield says: " Where a party proposes to take advantage of the literal application of the provisions of the registry system to perpetrate a fraud, by levying upon the land or purchasing it, after he has knowledge of an unregistered deed, the law interferes, by mere construction, and engrafts an exception not named in the statute, but which it is necessary to imply, in order to defeat the fraudulent use of the provisions of the statute, which it is always safe to presume that the legislature did not intend." We think that this principle is decisive of the question raised by the demurrer. Thus, in *Graves* v. *Graves*, 6 Gray 391, an assignment of an equity of redemption was not acknowledged, and therefore, though recorded, was not constructive notice to the plaintiff, an attaching creditor; but a new trial was granted, to enable the defendant to prove actual notice to the plaintiff prior to his attachment.

The case of *Lebanon Savings Bank* v. *Hollenbeck*, 29 Minn. 322, is precisely like the one before us. The court held that an unsealed mortgage could be reformed and enforced as against a subsequent mortgagee, and also against judgment lien-holders who were chargeable with notice of the plaintiff's equities in the prem-

ises. The respondent refers us to several cases in Ohio, in which it is held that, under the registry law of that State, a mortgage which is not duly executed and delivered for record has no validity, either in law or equity, against a judgment lien. But in *White* v. *Denman*, 1 Ohio St. 110, the court says, after reviewing cases upon this point: "If the question involved here had not been determined by adjudication in this State, and affirmed and adhered to for a number of years, a majority of this court would feel constrained to take a different view of it." In *Pratt* v. *Clemens*, 4 W. Va. 443, no reference is made to notice, and the opinion rests solely upon *White* v. *Denman*, 16 Ohio, 59. In *Goodman* v. *Randall*, 44 Conn. 321, also cited by respondent, the paper was not signed, and was, therefore, within the statute of frauds. Moreover, the contracting party, who should be required to reform the mortgage, was not before the court. We do not think the authorities support the respondent's claim. Whether the instrument be treated as an agreement for a mortgage, or a mortgage defectively executed, the complainant has under it an equitable claim upon the property, if the respondent, as is admitted by the demurrer, had knowledge of the fact before he took his title. As against the debtor, the complainant might have the mortgage reformed by affixing the seal. See *Springfield Sav. Bank* v. *Springfield Cong. Society*, 127 Mass. 516. An attaching creditor with notice has no greater rights than the debtor. *Greene* v. *Haskell*, 5 R. I. 447.     *Demurrer overruled.*