WALTER I. SUNDLUN *vs.* LOUIS VOLPE *et al.*

NOVEMBER 15, 1939.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

Moss, J. This is a suit in equity, brought by a judg-
ment creditor of the respondent Louis Volpe, in which

the principal relief prayed for is that certain real estate, which is situated in the town of North Providence in this state and on which execution had been levied under the complainant's judgment, be declared to be the property of that respondent and subject to such levy of execution; and that a certain deed and purported conveyance of such real estate and a certain mortgage deed thereof be declared null and void.

The complainant joined as respondents, with Louis Volpe, the latter's mother, Annie Volpe, who was the grantor in that deed, Bernard B. Abedon, the grantee therein, and Martha E. Olmstead, the mortgagee in the above-mentioned mortgage, which was made of this real estate by the respondent Abedon and the validity of which is also attacked in this cause. This mortgagee was served only by publication, not being a resident of this state. She never entered any appearance or filed any pleading; and no decree *pro confesso* was entered against her.

On August 3, 1925 this real estate, together with an adjacent parcel, the present title to which is not now questioned in this cause, was conveyed by the then owner of both parcels to Annie Volpe, who on September 17, 1925, executed and acknowledged a deed of them to her son Louis. This deed was never recorded; but on March 2, 1934 a certain safe deposit box, of which these two persons were then lessees, either or both having access to it, was examined, having been attached on February 10, 1934 in an action brought by the complainant on his above-mentioned judgment; and this deed, in its original form, was then found in this box. With it was found another deed of the same real estate, signed and acknowledged by Annie Volpe on November 5, 1931, but with no grantee named therein. The complainant alleged in his bill of complaint and still contends, that Louis Volpe by the

former of these two deeds became the owner of the real estate first-above mentioned.

The action just above mentioned was begun by the complainant against Louis Volpe by a writ issued February 9, 1934 and served on the latter February 12, 1934. On the next day after this service, the deed above mentioned from Annie Volpe to the respondent Abedon was executed and acknowledged by her, and duly delivered and filed for record.

Each of the respondents, other than Martha E. Olmstead, filed an answer to the bill of complaint. In his answer Louis Volpe denied any previous knowledge of the two deeds found in the safe deposit box as above stated, and averred that he never received delivery of either of them and never considered himself the owner of the premises therein described.

The respondent Annie Volpe in her answer admitted that she executed these two deeds, but denied that either of them was ever delivered or was to have any effect during her life. She admitted the above-described conveyance to the respondent Abedon, which she asserted was made for a valuable consideration; and she denied that at the time it was made she had any knowledge of the complainant's action against the respondent Louis Volpe.

The respondent Abedon in his answer asserted that Annie Volpe's conveyance to him, on February 13, 1934, of the real estate in question was for a legal and valuable consideration. He denied that Louis Volpe owned that real estate, and that any prior conveyance of that real estate was made by Annie Volpe to Louis Volpe, and that he himself had any knowledge of such a prior conveyance.

When the cause was first heard on bill, answers and replication before a justice of the superior court, counsel for the

respondents, at the conclusion of the evidence for the complainant and without closing the case of the respondents, made a motion that the bill be dismissed; and this was granted by this justice on the ground that the complainant had failed to prove that the real estate in question had ever belonged to Louis Volpe.

A decree was entered accordingly and the cause later came before this court on the complainant's appeal from that decree. After a hearing on that appeal, it was sustained and the decree reversed on the ground that it was not proper procedure, at a hearing in the superior court of a cause in equity on its merits, for the court to entertain and pass upon such a motion to dismiss, made as it was, by the respondents without closing their case, after the analogy of a motion for a nonsuit made by the defendant in an action at law.

The cause was accordingly remanded to the superior court for the completion of the evidence, if the respondents should desire to introduce any, and for the formal closing of the whole cause, before the same justice who had already heard it in part, and for the entry of a new decree based upon all the evidence. *Sundlun* v. *Volpe*, 62 R. I. 55, 2 A. 2d. 875.

Afterwards the cause was further heard before the same justice. The respondent Annie Volpe had meantime died without having given any testimony. At the later hearing the other respondents introduced testimony by a man who for fifteen years last past had been the identification clerk in the safe deposit department of the bank in which was the safe deposit box above mentioned. He testified that Annie Volpe became tenant of the box with Louis Volpe on July 27, 1928, the latter having up to that time been the sole tenant and having the only right of access to the box; that according to the recollection of the witness she had gone to the box with Louis Volpe about five times and that so far as he knew, and according to the records of the bank, she had

never gone to it alone. The records of the bank supported this last fact.

Testimony for the respondents was also given by Louis Volpe and Abedon; and testimony in rebuttal was given by the complainant. Then, the evidence being closed, the trial justice discussed it and found from it that it showed that the unrecorded deed from Annie Volpe to Louis Volpe, dated September 17, 1925, was made about six weeks from the date when the same property was conveyed to her; that then and for nearly three years afterwards Louis Volpe was sole tenant of the safe deposit box in which this deed was later found.

He also found, from uncontradicted evidence, that on November 24, 1924, Louis Volpe conveyed to his mother, by a deed duly recorded, a parcel of real estate in the city of Providence belonging to him and that on the same date she executed and acknowledged a deed back to him of the same real estate, which deed was never recorded. Louis Volpe's explanation was that he had borrowed $2700 from her and had conveyed that property to her as security; and that she had told him about the deed back to him and said that when he repaid her she would return the property to him. Except his own unsupported testimony, there was no evidence of any loan of money to him by her.

Both of these deeds and a deed of the same property signed and acknowledged by her on November 5, 1931, but with no grantee named, were found in the safe deposit box, when its contents were examined and the deeds of the North Providence property were found, as above stated. This Providence property also was deeded by Annie Volpe to the respondent Abedon by a deed executed, acknowledged and recorded on February 13, 1934, when the North Providence property was similarly deeded.

From the above evidence and findings and the admitted close association between the mother and son, the justice drew the inference that there was an understanding between them that the title of any real estate purchased by either of them would be in her for record purposes but in Louis for other purposes. He also found that the North Providence real estate, when purchased by her, had been purchased for Louis Volpe; that her deed of it to him was delivered to him and that this real estate then became his property, and was still his property at the time of the execution and delivery of the deed of it from her to the respondent Abedon.

As to the latter deed, he found that it was not her act as owner and grantor, but her act as agent for her son Louis; and that at the time when it was executed, Louis knew of the pendency of the action against him and attempted to have the real estate conveyed with a view to hinder and defraud his creditors. From the fact that the evidence did not show that Annie Volpe had money with which to buy property and the facts that the respondent Abedon was the grandson of Annie Volpe, who lived with him and his mother at the time of her deed to him, and that he was a nephew of Louis Volpe and a lawyer, and that Louis then lived on the real estate and had for many years, the justice also found, in substance, that the respondent Abedon had reason to believe that such real estate as stood on the land records in the name of Annie Volpe probably belonged to Louis Volpe.

Upon these findings the justice based the two final conclusions in his decision, namely, that the real estate in question belonged to Louis Volpe at the time of the deed of it to the respondent Abedon; and that this deed is invalid as to the complainant. A final decree was entered accordingly, in which it is also declared that this real estate is subject to levy and sale under execution in the complainant's law

action, and that the above-mentioned mortgage of this real estate to the respondent Olmstead is null and void; and the respondent Louis Volpe and Abedon are enjoined from dealing with the real estate in any way; and the respondent Olmstead and her transferee of the mortgage to her are enjoined from enforcing it.

The cause is now before us on the appeal of the respondent Abedon from this decree, the reasons of appeal being in substance that it is against the law; that it is against the evidence and the weight thereof and in particular that the decree is erroneous in finding that the deed of the real estate in question from Annie Volpe to Louis Volpe was delivered to him; and that the decree is erroneous in finding that the deed of this real estate from Annie Volpe to the respondent Abedon was null and void, such finding, he asserted, having been erroneously inferred from undisputed testimony.

The first question for consideration by us at this point is whether the first final conclusion above stated is against the law or against the evidence and the weight thereof. The only evidence against it is certain testimony of Louis Volpe; and we must assume that the justice did not believe this testimony. He heard and saw it given and was in a much better position than we are in to determine what, if any, weight should be given to it.

Certain facts proved by the evidence but not mentioned by him in his decision give support to this first final conclusion. These are that after the date of the unrecorded deed to Louis Volpe in November 1924, and at least from some time in 1927 until some time in 1931, Annie Volpe and her sons Louis and Harry lived together in this North Providence property; that, when Harry Volpe died in the latter year, she moved away and Louis continued to live there with his family until at least the first hearing of this cause on its merits; and that there is no evidence, except his own

unsupported testimony, that he ever paid any rent for the use of this property before the deed of it to the respondent Abedon.

We are of the opinion that we cannot properly find, from all the pertinent evidence in this cause, that the trial justice was clearly wrong in any of his findings on which he based his first final conclusion in his decision or that the conclusion was against the law or against the evidence or the weight thereof.

This leaves for consideration the second final conclusion in the decision of the justice of the superior court, namely, that the deed, of the real estate in dispute, from Annie Volpe to Abedon is invalid. This conclusion must depend upon the answer to the question whether, under that deed, Abedon was a *bona fide* purchaser of the property from the grantor for a valuable consideration and without any notice that Louis Volpe was the real owner of it. As to that issue we must, in discussing it, assume that Louis Volpe was the real owner of the property at the time of the execution of that deed.

As to the matter of consideration the complainant has argued that even if Abedon, as testified by the latter, gave to the grantor, in return for the deed, a promise to support and care for her for the rest of her life, this could not constitute such valuable consideration as to support the conveyance. The complainant has cited to us authorities in support of this contention. We have considerable doubt whether they apply to a case like the present one, in which the deed in question was not made by the complainant's debtor.

But here the respondent testified that for some years before this deed was made he had been supporting and caring for the grantor, his grandmother, and that he would have continued to do so, even if the deed had not been made. Without deciding whether, under these circum-

stances, the promise testified to by him was made and was valuable consideration for the deed, we are of the opinion that at any rate it should be given very little or no weight in deciding the question whether he received the deed in good faith and without notice that the grantor was not the real owner of the property.

As to this latter question, he testified that he had no such notice; but evidently the justice of the superior court did not believe that testimony. There were certain facts and circumstances which militated against it. The relations between Abedon and his grandmother were close and confidential. They had lived in the same household for a number of years just prior to the execution and delivery of her deeds to him and he had been supporting her.

He had been acting as her confidential attorney. Among other things, he had drawn for her the above-mentioned deed of the real estate in dispute and the adjoining parcel, but naming no grantee, which deed she executed and acknowledged, together with another deed of the same sort, covering other real estate. She then gave him confidential instructions as her attorney as to what to do with these deeds in the event of her death. They were found in the safe deposit box, when it was opened, as above stated. This evidently indicated to the mind of the trial justice that close and confidential relations existed between them.

Another fact, which we have already stated and which bears on this question of notice, is that the deeds to Abedon were executed the very next day after service had been made on Louis Volpe of the complainant's writ in his action in which the safe deposit box was attached. This may have been only a coincidence, but apparently the trial justice did not believe that it was.

There are also the further facts that Abedon was present when the box was opened and its contents examined in the presence of the complainant himself and his counsel and

Louis Volpe; that, although Abedon testified that he was there representing Annie Volpe, the complainant testified that Abedon was there acting for Louis Volpe; and that when the unrecorded deed of the real estate in question to Louis Volpe was on that occasion found in the box and the complainant expressed great astonishment because of it, Abedon said nothing about the deed of the same property that had been executed and delivered to him seventeen days before. There is the further fact that on March 17, 1934 Abedon entered his appearance as attorney for the defendant Louis Volpe in the then pending action by the complainant.

Abedon testified that at the time of the execution and delivery of the deeds to him he had no knowledge of the writ against Louis Volpe, which had been served on the latter the day before; and that when the unrecorded deed purporting to convey the real estate in question was discovered in the safe deposit box, he did not hear the conversation of others there present about it. But it may be that the justice of the superior court did not believe this testimony. There is also the further fact, above stated, that Louis Volpe was then in possession of and living on the property in question and had been for about seven years, as Abedon must have known; and that he continued to live on it, and there is only the unsupported testimony of these respondents that he ever paid any rent after the deed of it to Abedon.

In view of the evidence above stated, as to the questions of good faith and notice, we are of the opinion that we cannot properly hold that the conclusion of the superior court that the respondent Abedon was not a *bona fide* purchaser of the real estate in question, without notice of the respondent Louis Volpe's ownership thereof, was against the law or against the evidence and the weight thereof.

From the two conclusions by the justice of the superior court which we have sustained, the result must follow that,

as to the rights of the complainant as a judgment creditor of Louis Volpe, the latter's title to the real estate in question, under the *earlier unrecorded* deed to him must prevail over the title which the respondent Abedon claims as grantee under the *later recorded* deed. G. L. 1923, chap. 297, sec. 2, now G. L. 1938, c. 435, §1.

It follows also that the complainant, as a judgment creditor of Louis Volpe, had the right to levy execution upon the right, title and interest of Louis Volpe in this real estate, and to have the deed of this real estate to the latter recorded, and to have the deed to the respondent Abedon declared null and void as against the complainant.

As to the respondent Martha E. Olmstead, since she has entered no appearance in the cause and no decree *pro confesso* has been entered against her, we do not see how any relief as against her can properly be decreed to the complainant. The transferee from her, of any rights which she may have had under the mortgage to her by the respondent Abedon, was not made a party to this cause and we cannot see how any relief can properly be decreed against him.

The decree should therefore be modified in so far as it purports to grant relief to the complainant against the said mortgagee and her transferee.

The appeal of the respondent Bernard B. Abedon is denied and the decree appealed from is affirmed, except for certain modifications which should be made therein to make it conform to this opinion.

On November 27, 1939, the parties may present to this court a modified form of decree, in accordance with this opinion, to be ordered to be entered in the superior court.

*Sigmund W. Fischer, Jr., Baker & Spicer*, for complainant.

*Morris S. Waldman, Maxwell W. Waldman*, for respondent.