[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This matter is before the Court on motion by Virtus Andrea Haywood (hereinafter plaintiffs), for partial summary judgment, pursuant to RCP 56, against Kevin McDole and Diane Motter (hereinafter defendants). The plaintiffs have also moved this Court for a declaratory judgment, with respect to the proper appropriation of defendants' land. Plaintiffs further move this Court to dismiss the counterclaim of the defendants on the ground that the proposed taking is arbitrary and capricious.
In deciding whether to grant a motion for summary judgment, the Court must decide whether a genuine issue of material fact exists. Rustigian v. Celona, 478 A.2d 187, 189 (1984). The trial justice must look for factual issues, not determine them, and, accordingly, may not pass upon the weight or credibility of evidence. Steinberg v. State, 427 A.2d 338, 340 (R.I. 1981). If an examination of the pleadings, affidavits, admissions . . . and other similar matters, viewed in the light most favorable to the opposing party, reveals no such issue, then the suit is ripe for summary judgment. Trend Precious Metals co., Inc. v. Sammartino,Inc. et al, 577 A.2d 986, 988 (R.I. 1990) (quoting R.I.Hospital Trust Nat'l Bank v. Boiteau, 119 R.I. 64, 66,376 A.2d 323, 324 (1977)). However, this Court is mindful that summary judgment is a drastic remedy requiring cautious application.Trend at 988.
The plaintiffs are the owners of the property located at 20 River Drive, Johnston, R.I., also known as Lot #6 of the plat entitled LaFazia Mannor — Section #7A, Johnston, R.I., Zone Residential "A", Scale 1 — 40. Said property was originally surveyed by Alanson St. John Hall, R.L.S. in June, 1979 and the plan is on file in the Town Hall of Johnston on plat card 231.
In response to a boundary dispute which arose in July 1989 between plaintiffs and their easterly neighbors, plaintiffs hired Lunar Mapping, Ltd. registered surveyors, to resurvey the property. The president of Lunar Mapping, Paul Coutu, stated in affidavit that the results of the survey showed plaintiffs land to be deficient by 8.15 feet. Specifically, the plaintiff's total frontage along the northern edge of River Drive as per recorded plat is 742.40 ft. while, in their survey, Lunar Mapping found that the actual area of frontage was 734.25 feet. Said discrepancy creates a deficiency which Paul Coutu claims has affected lots 6, 7, 8, 9, 10 11 in the recorded plat.
Because these lots have been affected, plaintiffs argue that the deficiency should be duly apportioned among the above lots. Accordingly, Lunar Mapping, the surveyors hired by the plaintiffs, developed a plan for reapportionment utilizing what Paul Coutu referred to in affidavit as "the rule of proportionality." Said rule, he alleges, is a surveying principle which provides that the deficiency along the frontage be proportioned evenly among each of the lots in the affected area, the northerly edge of River Drive.
Defendants are the owners of lot #11 of the aforementioned plat 231, whose frontage faces the northerly edge of River Drive. In their counterclaim, the defendants have objected to the appropriation of any part of their property to account for the deficiency found in lot #6. Further, the defendants argue that even if this Court finds that the taking of their land is justified, the method of appropriation and reapportionment set forth by the surveyors hired by the plaintiff is not equitable. Defendants state that although the frontage of all four lots in the affected area have been decreased proportionately from 100 ft. to 98.93 ft., the resulting square footage of each affected lot has not been divided proportionately. Therefore, under the proposed plan, the defendants argue that they would lose an amount of square footage disproportionate to the other lots. Consequently, defendants claim that the proposed plan is inequitable and that the decision of this matter by summary judgment would be inappropriate.
Upon review, this Court finds that a genuine issue of material fact exists and, consequently there must be a full hearing on the merits. This Court needs to determine whether plaintiffs may be allowed to appropriate land from lots within their plat to account for a deficiency of land in their own lot. Further, if plaintiffs can appropriate property, this Court must determine the applicable professional surveying standards for reapportioning said land and whether such standards were followed by Lunar Mapping in their proposed plan.
The above are fact questions and the Court must hear evidence and testimony in order to make a determination. Consequently, this Court denies the plaintiffs' motion for summary judgment. Further, this Court denies the plaintiff's request for declaratory judgment. Jurisdiction in this Superior Court to render a declaratory judgment is pursuant to Rhode Island General Laws 1956 (1985 Reenactment) § 9-30-2, but whether relief will be granted rests within the discretion of the Court. In addition, the motion to dismiss the defendants' counterclaim is denied. This Court is not persuaded that the defendants would not be entitled to relief regardless of what facts could be proved in support of their claim. Counsel are therefore directed to prepare an order consistent with this decision.