**In re GLENWOOD ASSOCIATES, Debtor.**

**Bankruptcy No. 91–11573.**

United States Bankruptcy Court, D. Rhode Island.

Nov. 15, 1991.

Edward T. Hogan, East Providence, R.I., for debtor.

Russell D. Raskin, Raskin & Berman, Providence, R.I., for Michael Grieco.

Joseph M. DiOrio, Hinckley, Allen, Snyder & Comen, Providence, R.I., for Eastland Sav. Bank.

## DECISION AND ORDER

ARTHUR N. VOTOLATO, Bankruptcy Judge.

Michael Grieco purchased the property designated as Unit A3, 20 Place Condominium, located at 49–51 Cedar Swamp Road, Smithfield, Rhode Island, at a foreclosure sale on June 11, 1991, and he filed the foreclosure deed for recording at 2:00 p.m. on June 13, 1991. The Debtor, which filed its Chapter 11 petition at 10:30 a.m., also on June 13, 1991, contends that the bankruptcy filing, prior in time to the recording of the deed, extinguished whatever rights Grieco had in the property.

The parties have argued at length concerning such issues as the operation of lien vs title theory jurisprudence, and the effect of the sound of the auctioneer's hammer, vis-a-vis transfer of title. Those arguments are interesting, but not dispositive.

Rather, in what may appear to be an over-simplification, we conclude that pursuant to § 544, the filing of the petition prior to the recording of the deed extinguished whatever rights Grieco may have had in the subject property. 11 U.S.C. § 544(a)(3) provides:

(a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—

. . . .

(3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be. perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.

*Id. See also In re Mill Concepts Corp.,* 123 B.R. 938, 942 (Bankr.D.Mass.1991); *Matter of Plunkett,* 89 B.R. 776, 783 (Bankr.E.D.Wis.1988).

There are also sound policy reasons for ruling as we have. The adoption of any of the alternative events proposed by the movant, as the operative moment to determine the priority of rights in property, would not work. Each would result in an (unmanageable) invitation to fact specific arguments in virtually all foreclosure sales which are followed closely by bankruptcy filings. This, in turn, would result in a lack of uniformity of outcome—an untenable situation from the standpoint of both debtors and creditors.

Accordingly, we hold that the statutory "race" in this instance has been won by the Debtor, and that Grieco's Motion for Relief from Stay is DENIED. *See* R.I.Gen.Laws § 34–11–1 (1956); *Rhode Island Hosp. Trust v. Boiteau,* 119 R.I. 64, 376 A.2d 323, 326 (1977); *Rebelo v. Cardoso,* 91 R.I. 153, 161 A.2d 806, 811 (1960); *see also In re Dlott,* 43 B.R. 789, 793 (Bankr.D.Mass. 1983) (both Massachusetts and Rhode Island are race-notice jurisdictions).

Enter Judgment consistent with this opinion.