[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION
This matter comes before this Court pursuant to a Super. R. Civ. P. Rule 56 summary judgment motion. Jack and Heather Mayo (hereinafter "Third-Party Defendants" or "Mayos") filed this motion on September 19, 2003, in response to the third-party complaint filed by Evangelista Enterprises, LLC (hereinafter "Third-Party Plaintiff" or "Evangelista"). The Mayos now request that this Court enter an award of summary judgment in their favor based on fundamental principles of Rhode Island law, which preclude the imposition of liability on those who hire an independent contractor when there is no evidence that the individual who hired the contractor assumed a duty to supervise or control the work of the independent contractor.
 I. FACTS
On April 21, 1999, Andre Charpentier (hereinafter "Plaintiff" or "Charpentier") was injured by one or more falling cinder blocks during the construction of a personal residence for the Mayos. After sustaining the injury, Charpentier, an employee of B. Trautman Masonry, a company hired by the Mayos, filed a complaint against Evangelista alleging that Evangelista's employees caused the accident. After Charpentier filed the initial claim in this suit, Evangelista filed a third party complaint seeking contribution and/or indemnification from the Mayos.
The following facts appear to be undisputed. The Mayos did not hire a general contractor to supervise the construction of their new home, but did individually hire various contractors. Among the contractors hired by the Mayos were B. Trautman Masonry and Bill Langlois, a carpenter. According to the affidavit of Jack Mayo, which is undisputed on this point, the Mayos did not hire Evangelista who apparently was hired by Mr. Langlois to assist with the framing. The complaint alleges that the Plaintiff's injuries occurred by reason of a falling cinder block, which struck the Plaintiff when a "header" was being moved to accommodate some changes to the design of a fireplace. When the carpenters were moving the header, a cinder block became dislodged adjacent to the header. The Plaintiff was standing below, working on the fireplace masonry at the time of the accident, and was struck by the cinder block.
In support of their motion for summary judgment, the Mayos contend that they cannot be liable for contribution and/or indemnity because they did not retain any control over the actions or work of the independent contractors. Evangelista, in opposition to summary judgment, submits that there exist genuine issues of material fact as to whether the Mayos, in acting as their own general contractors, exhibited control over the construction or created an inherently dangerous construction site which would preclude an award of summary judgment.
 II. STANDARD OF REVIEW
The Rhode Island Supreme Court has oft repeated the standard a motion justice must employ when ruling on a motion for summary judgment. "Summary judgment is a proceeding in which the proponent must demonstrate by affidavits, depositions, pleadings and other documentary matter . . . that he or she is entitled to judgment as a matter of law and that there are no genuine issues of material fact." Palmisciano v. Burrillville RacingAssociation, 603 A.2d 317, 320 (R.I. 1992) (citing Steinberg v.State, 427 A.2d 338 (R.I. 1981); Ludwig v. Kowal, 419 A.2d 297
(R.I. 1980)); Super. R. Civ. P. 56(c). When the moving party sustains its burden "[t]he opposing parties will not be allowed to rely upon mere allegations or denials in their pleadings. Rather, by affidavits or otherwise, they have an affirmative duty to set forth specific facts showing that there is a genuine issue of material fact." Bourg v. Bristol Boat Co., 705 A.2d 969
(R.I. 1998) (citing St. Paul Fire Marine Insurance Co. v.Russo Brothers, Inc., 641 A.2d 1297, 1299 (R.I. 1994)).
During a summary judgment proceeding "the court does not pass upon the weight or credibility of the evidence but must consider the affidavits and other pleadings in a light most favorable to the party opposing the motion." Palmisciano, 603 A.2d at 320 (citing Lennon v. MacGregor, 423 A.2d 820 (R.I. 1980)). Thus, the only task of a trial justice in ruling on a summary judgment motion is to determine whether there is a genuine issue concerning any material fact. Id. (citing Rhode IslandHospital Trust National Bank v. Boiteau, 119 R.I. 164,376 A.2d 323 (R.I. 1977)). Therefore, "when an examination of the pleadings, affidavits, admissions, answers to interrogatories and other similar matters, viewed in the light most favorable to the party opposing the motion, reveals no such issue, the suit is ripe for summary judgment." Id. (Citations omitted).
 III. ANALYSIS
In this case, the applicable law is clear. The general rule is that one who employs an independent contractor is not liable for the negligent acts of that contractor. East Coast Collision Restoration, Inc. v. Allyn, 742 A.2d 273 (R.I. 1999). An independent contractor, and not the owner, is liable to third parties for damages arising from the contractor's negligence when the work is in progress, is under the contractor's control, and has not yet been accepted by the owner. Read v. East ProvidenceFire District, 20 R.I. 574, 40 A.760, 761 (R.I. 1898).
Evangelista has attempted to point to deposition testimony to establish at least some disputed issues of fact relative to the status of Evangelista as an independent contractor, and the level of "control" exhibited by the Mayos during the construction project. The depositions, however, do not overcome what the Court finds to be undisputed — that the Mayos did not hire Evangelista, or control the manner by which Evangelista performed its services in framing the building or moving the "header" which allegedly caused injury to the Plaintiff. See Evangelista Dep. at 14. The mere fact that the Mayos did not hire a general contractor to oversee construction of their home does not alone establish that they explicitly assumed the duty to supervise the work of each of the contractors they hired. See East Coast Collision, 742 A.2d at 275-76; See also Pastorelli v. Associated Engineers, Inc.,176 F. Supp. 159, 165-66 (D.R.I. 1959), cited with approval inMaggi v. De Fusco, 107 R.I. 278, 283, 267 A.2d 424, 427 (1970) (where there is evidence that the general contractor explicitly assumed duty to supervise the work of the subcontractors, general contractor may be liable for the negligence of the subcontractor). To the contrary, the only evidence cited to the Court is that the Mayos would periodically visit the job site to observe the progress of the work being performed. In fact, there is evidence that there were meetings among the various contractors to discuss the movement of the "header," which were not attended by either Jack or Heather Mayo. See B. Trautman dep. at 20. It is further undisputed that neither of the third-party defendants have any experience nor knowledge in the construction trades. Jack Mayo has a background in advertising, and Heather Mayo operates a childcare center. See Affidavit of Jack Mayo. As the Court stated in the East Coast Collision
case:
 "In the case at bar, there is no evidence that the owners assumed such a duty. Further they were not builders by occupation and did not regularly engage in the business of constructing buildings. These defendants, therefore, do not fit within the limited exception to the general rule that the employer of an independent contractor is not liable for the contractor's negligence." Id. at 276.
Evangelista next argues that the Court should apply the exception that imposes liability on the employer of an independent contractor when the work is unquestionably inherently dangerous. See Ballet Fabrics, Inc. v. Four Dee Realty Co.,Inc., 112 R.I. 612, 314 A.2d 1 (R.I. 1974). For this exception to apply, however, the Court must find that the contractor's work involves a risk which is recognizable in advance, or when the employer has special reason to contemplate such a risk under the particular circumstances under which the work is being done.Ballet Fabrics, 314 A.2d. at 7; East Coast Collision, 742 A.2d at 276. Here, the condition that caused the injury was not open and obvious, but rather was a condition that was not observed until the "header" was moved. Certainly, every construction site is filled with dangers and dangerous instrumentalities. However, such conditions alone do not rise to the level of open and obvious dangers that must be established in order to establish liability against those who employ the services of an independent contractor. There is simply no evidence that either Jack or Heather Mayo observed, or could have recognized in advance, the condition that ultimately resulted in injury to the plaintiff. Evangelista attempts to invoke this exception by reference to the hiring of multiple subcontractors who were working at the construction site simultaneously, the lack of safety directives, and the lack of coordinated communication among the subcontractors. Evangelista suggests that such circumstances create a triable issue of fact as to whether the work was inherently dangerous. The Court disagrees. These circumstances would be characteristic of most any construction site, and the Court believes if such facts were to define the exception, the exception would swallow the rule.
 IV. CONCLUSION
For all of the above reasons, the Motion for Summary Judgment filed on behalf of Third-Party Defendants Jack Mayo and Heather Mayo is granted. The Court further directs entry of final judgment in favor of Third-Party Defendants, there being no just reason for delay. The parties shall submit an appropriate form of Order and Judgment for entry by the Court.