# CHIPMAN, LIMITED, *v.* THOMAS B. JEFFERY COMPANY.

## ERROR TO THE DISTRICT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF NEW YORK.

No. 616. Submitted December 8, 1919.—Decided January 19, 1920.

By the law of New York, when a foreign corporation, as a condition to doing local business, appoints an agent upon whom process may be served and subsequently removes from the State, service on such agent, though his appointment stand unrevoked, will not confer jurisdiction in an action by a local corporation upon a contract between it and such foreign corporation but made and to be performed in another State, when it is not shown that anything was done in New York in the way either of performance or breach of the contract; and it is not material that the foreign corporation was there doing business during a period when the contract was made and should have been performed. P. 378.

Such a case must be dismissed for want of jurisdiction upon removal
  to the District Court from the Supreme Court of New York. *Id.*
260 Fed. Rep. 856, affirmed.

THE case is stated in the opinion.


*Mr. Daniel P. Hays* for plaintiff in error. *Mr. Ralph
Wolf* was on the brief.

The defendant having filed an express consent that
made service upon its designated agent the equivalent
of personal service, no constitutional question is involved.
*Pennsylvania Fire Ins. Co.* v. *Gold Issue Mining Co.*,
243 U. S. 93; *Gibbs* v. *Queen Ins. Co.*, 63 N. Y. 114, 128.
The offer of the State and the acceptance thereof by
the defendant constituted a contract. The agreement
was, among other things, that service could be made
upon the statutory agent until his designation was re-
voked. In its acceptance of the offer of the State, the
defendant became entitled to the same right to transact
business as a domestic corporation, *Lancaster* v. *Amster-
dam Improvement Co.*, 140 N. Y. 576, 588; and to invoke
the statute of limitations, as if it were a domestic corpora-
tion, *Wehrenberg* v. *New York, New Haven & Hartford
R. R. Co.*, 124 App. Div. 205; *cf. Olcott* v. *Tioga R. R. Co.*,
20 N. Y. 210. The case is entirely different from *Old
Wayne Mutual Life Assn.* v. *McDonough*, 204 U. S. 8,
and *Simon* v. *Southern Ry. Co.*, 236 U. S. 115, for the
reason that in them the foreign corporations had not
designated an agent upon whom process could be served.

The Supreme Court of New York has jurisdiction
of an action by plaintiff, a domestic corporation, against
the defendant, a foreign corporation, for a cause of
action based on contract. New York Code Civ. Proc.,
§ 1780. Jurisdiction does not fail because the cause of
action sued upon has no relation in its origin to the busi-
ness in New York. *Tauza* v. *Susquehanna Coal Co.*,

220 N. Y. 259, 268; *Grant* v. *Cananea Consol. Copper Co.,* 189 N. Y. 241.

It is equally clear that the service of the summons upon the designated agent gave to the court jurisdiction over the person of the defendant. New York Code Civ. Proc., § 432. In the case of a designated agent no limitation of any kind is imposed. *Bagdon* v. *Philadelphia & Reading C. & I. Co.,* 217 N. Y. 432, 436. There is only one possible distinction. In the *Bagdon Case* the defendant was doing business within the State of New York at the time of service of the summons. In the case at hand, it is conceded that when the contracts in question were made and when the alleged breaches thereof occurred the defendant was doing business within the State. But § 432, *supra,* does not require, in the case of a designated agent, that the corporation should be doing business within the State at the time of the service of the summons. The designation remains in effect, *Woodward* v. *Mutual Reserve Life Ins. Co.,* 178 N. Y. 485; *Johnston* v. *Mutual Reserve Life Ins. Co.,* 104 App. Div. 550, 557. See *Mutual Reserve Life Assn.* v. *Phelps,* 190 U. S. 147; *Hunter* v. *Mutual Reserve Life Ins. Co.,* 218 U. S. 573, 586; *Chehalis River Lumber Co.* v. *Empire State Surety Co.,* 206 Fed. Rep. 559; and many state cases. There is no possible distinction between this and the *Bagdon Case, supra,* because here, at and during the time the contracts between the plaintiff and the defendant were made and were in full force and effect, and at the times when the alleged breaches thereof occurred, the defendant was doing business within the State of New York. See *Grant* v. *Cananea Consol. Copper Co.,* 189 N. Y. 241, 247. The real question at issue is, can the defendant surreptitiously withdraw from the State and, without even cancelling the statutory designation, force the citizens of the State of New York to go to some far western State to enforce their claims?

At the time of the service of the summons, the defendant was doing business within the State of New York, so as to make it amenable to process. By reason of its failure to revoke its certificate, it had a principal place of business, as well as an agent within the State. This was sufficient to bring the corporation within the State, so as to render it amenable to process. *Tauza* v. *Susquehanna Coal Co.*, *supra; Washington-Virginia Ry. Co.* v. *Real Estate Trust Co.*, 238 U. S. 185.

*Mr. Philip B. Adams* and *Mr. Thomas M. Kearney* for defendant in error.

MR. JUSTICE MCKENNA delivered the opinion of the court.

Plaintiff in error was plaintiff in the courts below; defendant in error was defendant, and we shall refer to them respectively as plaintiff and defendant.

The action was brought in the Supreme Court of the State of New York and removed upon motion of the defendant to the District Court of the United States for the Southern District of New York. In the latter court defendant made a motion for an order vacating and setting aside the service of summons, and dismissing the complaint for lack of jurisdiction of the person of the defendant. The motion was granted and the case is here on the jurisdictional question only.

A brief summary of the grounds of action and the proceedings upon the motion to dismiss is all that is necessary. Plaintiff is a New York corporation, defendant one under the laws of Wisconsin, and a manufacturer and seller of motor cars known as the "Jeffery" and "Rambler" and parts thereof, and motor trucks and parts thereof. By contracts, in writing, made in Wisconsin by the plaintiff and defendant it was agreed that the former should have the sole right to sell the motor cars and parts

thereof (first cause of action) and the motor trucks and parts thereof (second cause of action) of defendant in Europe and certain other foreign places and to receive certain designated percentages. The contracts as to motor cars and their parts and the trucks and their parts, provided that they (cars, trucks, and parts) should be sold and delivered to plaintiff (called in the contracts the "Distributor") at Kenosha, Wisconsin, for sale at the designated places by plaintiff, defendant reserving the right to fill the orders of plaintiff (Distributor) for the cars, trucks and parts, from any of defendant's depots in New York City. Cars and trucks purchased under the contracts to be paid for at Kenosha. Both contracts continued in effect to July 31, 1915.

There are allegations of performance of the contracts by plaintiff, their non-performance by defendant whereby plaintiff on one cause of action was entitled, it is alleged, to $280,000 and upon the other $600,000. Judgment is prayed for their sum, to wit, $880,000.

The District Court has certified three questions, but as the first includes the other two we give it only as it sufficiently presents the question at issue: "Whether in the service of the summons, as shown by the record herein, upon Philip B. Adams, this court acquired jurisdiction of the person of the defendant."

Plaintiff contends for an affirmative answer and adduces the New York statute which requires of corporations not organized under the laws of New York as a condition of doing business in the State to file in the office of the secretary of state a stipulation designating "a place within the State which is to be its principal place of business, and designating a person upon whom process against the corporation may be served within the State," and the person designated must consent and the designation "shall continue in force until revoked by an instrument in writing" designating some other person.

Defendant complied with the requirements of the statute July 6, 1914, designating 21 Park Row, New York, as its place of business and Philip B. Adams as its agent upon whom process might be served. The designation and appointment have not been revoked.

It is not denied, however, that defendant had removed from the State before service on Adams, and, as we have stated, the contracts sued on made the place of their performance Kenosha, Wisconsin. But, in emphasis of the requirement of the statute, it is urged, that at all of the times of the duration of the contracts sued on and their breaches defendant was doing business in the State, and at any time had the right to transact business in the State. It is further urged, that the contracts contemplated they might be performed within the State. There is no allegation of such performance nor that the present causes of action arose out of acts or transactions within the State. The other circumstances of emphasis may be disregarded, as the validity of the service depends upon the statute assuming it to be controlling, that is, whether under its requirements the unrevoked designation of Adams as an agent of defendant gave the latter constructive presence in the State. And making that assumption of the control of the statute, which we do in deference to counsel's contention, for light we must turn to New York decisions, and there is scarcely ambiguity in them though the facts in none of them included an actual absence from the State of the corporation with which the cases were concerned.

*Bagdon* v. *Philadelphia & Reading Coal & Iron Co.,* 217 N. Y. 432, passed upon the effect of a cause of action arising out of the State, the corporation, however, doing business within the State, and having complied with the statute in regard to its place of business and the designation of an agent upon whom process could be served. But the court throughout the opinion with conscious so-

licitude of the necessity of making the ground of its decision the fact that the corporation was doing business in the State, dwelt upon the fact and distinguished thereby, *Old Wayne Mutual Life Assn.* v. *McDonough,* 204 U. S. 8, and *Simon* v. *Southern Ry. Co.,* 236 U. S. 115, in both of which the causes of action were based on transactions done outside of the States in which the suits were brought.

*Tauza* v. *Susquehanna Coal Co.,* 220 N. Y. 259, is nearer in principle of decision than the case just commented upon. The question of the doing of business within the State by the coal company was in the case and was discussed. But the question was unconnected with a statutory designation of a place of business or of an agent to receive service of process. However, there was an implication of agency in the coal company's sales agent under other provisions of the Code of Civil Procedure of the State and it was considered that the principle of *Bagdon* v. *Philadelphia & Reading C. & I. Co., supra,* applied. But the court went further and left no doubt of the ground of its decision. It said, "Unless a foreign corporation is engaged in business within the State, it is not brought within the State by the presence of its agents," citing and deferring to *St. Louis Southwestern Ry. Co.* v. *Alexander,* 227 U. S. 218. And further said, "The essential thing is that the corporation shall have come into the State." If prior cases have a different bent they must be considered as overruled, as was recognized in *Dollar Co.* v. *Canadian Car & Foundary Co.,* 220 N. Y. 270, 277.

In resting the case on New York decisions we do not wish to be understood that the validity of such service as here involved would not be of federal cognizance whatever the decision of a state court, and refer to *Pennoyer* v. *Neff,* 95 U. S. 714; *St Louis Southwestern Ry. Co.* v. *Alexander, supra; Philadelphia & Reading Ry. Co.* v. *McKibbin,* 243 U. S. 264; *Meisukas* v. *Greenough Red*

*Ash Coal Co.*, 244 U. S. 54; *People's Tobacco Co.* v. *American Tobacco Co.*, 246 U. S. 79.

It follows that the District Court did not have jurisdiction of defendant and its order and judgment dismissing the complaint is

*Affirmed.*