The Chesapeake & Ohio Ry. Co. *v.* Newman.

*Service of summons—Foreign corporations—Section 11290, General Code—Doing business in state, prerequisite—Company representative a "managing agent," when—Railroad operating ferry across Ohio river.*

1. A foreign corporation can be served with process within the state only when it is doing business therein.
2. The person who chiefly represents a foreign corporation in a locality where it is doing business is a managing agent in this state, within the meaning of Section 11290.

(Decided March 27, 1922.)

Error: Court of Appeals for Lawrence county.

*Mr. Henry Bannon* and *Messrs. Andrews & Irish,* for plaintiff in error.

*Messrs. Johnson & Jones,* for defendant in error.

Sayre, J.　This was an action for damages on account of a personal injury caused by an explosion of the boiler of a locomotive being operated by the plaintiff in error. Summons was served by the sheriff of Lawrence county March 11, 1921, upon William Meyers, who is described in the sheriff's return as "an agent of said defendant Chesapeake and Ohio Railway Company." A motion to quash was filed for the reasons that William Meyers was not at the time of service a regular ticket, freight or managing agent of The Chesapeake & Ohio Railway Company in Ohio; that he was not at the time of service a person upon whom service of summons for The Chesapeake & Ohio Railway Company is authorized to be made by the laws of Ohio; and that the railroad of

The Chesapeake & Ohio Railway Company does not pass through or extend into Lawrence county, Ohio, nor does the company maintain any office or agency of any kind or description in such county. This motion was heard by the trial court upon an affidavit of William Meyers, and oral testimony of William Meyers and other witnesses, all of which has been incorporated in a bill of exceptions which is now before us.

The trial court permitted the sheriff to amend his return by stating that service was made upon "William Meyers, a managing agent of said defendant Chesapeake & Ohio Railway Company," and overruled the motion to quash. The defendant excepted. A motion for a rehearing of the motion to quash was heard and overruled, and the defendant excepted. Afterward the defendant answered. The cause was tried to a jury, resulting in a verdict and judgment for plaintiff.

The bill of exceptions discloses that in connection with the conduct of its railroad in Kentucky, opposite Lawrence county, the plaintiff in error operates a ferry across the Ohio river between Russell, Kentucky, and Ironton, Ohio; that tickets are sold by its agents, east and west of Russell, to Ironton; that when they are taken up by the conductor on trains approaching Russell the passengers are given tickets for transportation on the ferry; that plaintiff maintains a float at the foot of Center street in Ironton, upon which passengers are landed from the ferry, and from which passengers take passage on the ferry for Kentucky and the trains of plaintiff in error at Russell; that The Chesapeake & Ohio has no office in Lawrence county, but has an office at Russell, Kentucky, where all communications of the

agent of the railroad company at that place are com-
piled and mailed; and that all the employes who
work on the ferry are paid at Russell and receive
their instructions there.    William Meyers, upon
whom the summons was served, is agent of the
plaintiff in error at Russell.    His title is agent at
Russell and superintendent of ferries.    He is super-
intendent of the ferry at Ironton, Lawrence county;
at Portsmouth, Scioto county; at Manchester, Adams
county; and at Ripley, Brown county.    He testified
that his office and place where he transacts business
is Russell, Kentucky, although his residence is in
Ironton.    He says his duties are those of supervi-
sion, keeping up repairs, the employment and dis-
charge of the men who work on the ferry, and see-
ing that it is operated in accordance with the marine
laws; that if something goes wrong on the ferry he
goes aboard to see what it is, but does not assist in
the operation of the ferry; that he has nothing to
do with the money earned by the boat, that it is taken
care of by the accounting department of the Chesa-
peake & Ohio; and that he does not pay the city li-
cense.    In his testimony he said: "I perform no
duties in Lawrence county, Ohio."    It further ap-
pears that at the time of the service of summons
the Chesapeake & Ohio sold no tickets to passengers
at Ironton, nor did it take any baggage from that
point, nor accept freight or issue bills of lading
from any point in Lawrence county, Ohio.

Was the motion to set aside the summons prop-
erly overruled?

A foreign corporation can be served with process
within the state only when it is doing business
therein.    *Mechanical Appliance Co.* v. *Castleman,*
215 U. S., 437, 54 L. Ed., 272; *Philadelphia & Read-*

*ing Ry. Co.* v. *McKibbin*, 243 U. S., 264, 61 L. Ed., 710; *Chipman, Ltd.,* v. *Thomas, B. Jeffrey Co.*, 251 U. S., 373, 64 L. Ed., 314, and *St. Louis Southwestern Rd. Co.* v. *Alexander*, 227 U. S., 218, 57 L. Ed., 486.

Is a ferry, plying between the Kentucky and Ohio shores, doing business in both states, or only in one?

The evidence on the motion to quash contains much that is unimportant. The office of William Meyers is in Kentucky, and he receives letters and answers them at that office, hires employes there, and there he instructs them, etc., etc. But the ferry on one trip receives passengers in Kentucky and lands them in Ohio; on the next trip receives passengers in Ohio and lands them in Kentucky, and charges for transportation each way. When the boat is not operating in Kentucky it is operating in Ohio, if operating at all, and it operates day and night. The only business the boat does is on the Ohio river from the shore of one state to the shore of another. The employes on the boat are doing the business of the Chesapeake & Ohio when they perform their services on the Ohio side as well as on the Kentucky side. It appears that the ferry is licensed by the city of Ironton. This license is issued in accordance with Sections 3640 and 3642, General Code. These sections authorize municipal corporations to establish, regulate and license ferries from such municipal corporation to the opposite shore, and "in granting such license, to impose such reasonable terms and restrictions, in relation to the keeping of such ferries, and the time, manner, and rates of the carriage and transportation of persons and property as may be

proper.'' These sections imply a business to be carried on under certain regulations and restrictions. Will anyone contend that the plaintiff in error could refuse to take out a license and comply with the lawful restrictions and regulations of the city of Ironton in the operation of a ferry? And if it could not, then it must be engaged in business in Ironton. If engaged in business there it is brought within the state by the presence of its agents.

William Meyers testifies that he is superintendent of the Ironton ferry; that his duties are those of supervision, the employment and discharge of men, and to see that the ferry is operated in accordance with law. In view of these facts his statement that he performs no duties in Lawrence county is not controlling. He has the authority to manage the business on the Ohio side of the river as well as on the Kentucky side. Section 11290, General Code, provides that service of summons upon a foreign corporation may be made upon its managing agent in the state. The courts, construing this section, have held that one who is the principal representative of the corporation in a locality where its business is carried on is its managing agent. *American Express Co.* v. *Johnson,* 17 Ohio St., 641; *B. & O. Rd. Co.* v. *W, P. & C. Transportation Co.,* 32 Ohio St., 116; *Toledo Computing Scale Co.* v. *Computing Scale Co.,* 142 Fed. Rep., 919, 922, and *Beach* v. *Kerr Turbine Co.,* 243 Fed. Rep., 706.

We hold that William Meyers was the managing agent of The Chesapeake & Ohio Railway Company in Lawrence county when service of summons was made upon him.

The motion to quash was properly overruled.

*Judgment affirmed.*

MIDDLETON and MAUCK, JJ., concur.