## BELL v. VIAVI CO. (two cases).

District Court, D. Delaware.   November 26, 1929.

Nos. 4, 5.

E. Ennalls Berl and Clarence A. Southerland (of Ward & Gray), both of Wilmington, Del., for plaintiff.

Henry R. Isaacs, of Wilmington, Del., for defendant.

MORRIS, District Judge. In each of these cases the defendant, by leave of court, entered a special appearance and moved that the service of process be vacated on the grounds that the defendant company, a California corporation, was not doing business in this state at the time of the alleged service of process and that, consequently, the service is wholly void and the court without jurisdiction over the defendant. Phila. & Reading Ry. Co. v. McKibbin, 243 U. S. 264, 37 S. Ct. 280, 61 L. Ed. 710.

The suits were instituted in the Superior Court of the state of Delaware in the latter part of the year 1927 and were removed to this court upon defendant's application in June of the present year. While the cases were pending in the state court similar motions were there made and heard. Before decision, however, the matter was referred to the court in banc, consisting of all the law judges of the state. As a condition precedent to such reference, the parties were required to and did enter into a stipulation that the judgments of the Superior Court, entered in pursuance of the opinion of the court in banc upon the motions, should be final. The court in banc unanimously concluded that the motions to vacate the returns should be denied.

Its opinion was certified to the Superior Court. Thereupon, an order denying the motion was duly entered in each case by the latter court. Subsequently, the defendant filed in the Superior Court motions for a rehearing with leave to introduce additional evidence. These motions were likewise denied.

Whatever may ordinarily be the right of a defendant to assert in a federal court to which a case is removed that, notwithstanding a decision of the state court to the contrary, the service of process is invalid and the court without jurisdiction, see General Inv. Co. v. Lake Shore Ry. Co., 260 U. S. 261, 267, 43 S. Ct. 106, 67 L. Ed. 244; Chipman, Ltd. v. Jeffery Co., 251 U. S. 373, 379, 40 S. Ct. 172, 64 L. Ed. 314; Remington v. Central Pacific R. Co., 198 U. S. 95, 99, 25 S. Ct. 577, 49 L. Ed. 959, I think defendant's solemn stipulation that the decision of the Superior Court with respect to that matter should be final is as binding upon it as if the cases had not been removed, and deprives it of any opportunity here to question as a matter of right the validity of service or the court's jurisdiction.

Even if it be assumed that, notwithstanding the binding, conclusive and final character of the orders entered by the Superior Court in conformity with the express terms of the stipulation, the Superior Court could, nevertheless, have, as a matter of grace and discretion, reconsidered the question, and that this court has the like power, I find nothing in the record or in the additional evidence now offered sufficient to move this court to exercise that discretion. Any discretionary power of the Superior Court was in practical effect exhausted by the motions there made for a rehearing and their denial. The additional evidence here tendered is the same, with some additions of the same character, but not newly discovered, as that offered to the Superior Court with the motions for rehearing. Despite the stipulation the cases have been pending for two years without getting beyond the stage of motions to quash the return of service. Under such conditions it seems to me clear that the only circumstance that would justify a discretionary granting of the pending motions would be manifest error in the unanimous findings of the court in banc and the Superior Court. This has not been made to appear.

The motions are denied.