## HUGHES v. JOHNSON EDUCATOR FOOD CO.

No. 2871.

District Court, D. Rhode Island.

May 22, 1936.

Edwards & Angell, of Providence, R. I., for plaintiff.

Sherwood & Clifford, of Providence, R. I., for defendant.

MAHONEY, District Judge.

This is an action of trespass on the case for negligence brought by the plaintiff, a citizen of the state of Rhode Island, against the defendant, a corporation, organized under the laws of the commonwealth of Massachusetts, for personal injuries allegedly sustained by said plaintiff through the alleged negligence of said defendant, its agent and servant, at Foxboro, in said commonwealth of Massachusetts. The case is before the court on the hearing of the demurrer of the plaintiff to the defendant's plea to the jurisdiction.

The defendant is a foreign corporation duly authorized to do business in the state of Rhode Island. It maintains that the alleged cause of action arose beyond the jurisdictional limits of the state of Rhode Island and that this court has no jurisdiction over it "in a suit based upon such a cause of action, unless the defendant consents thereto which consent has not been given herein."

There is no question but that said defendant has appointed a competent person resident in the state of Rhode Island as its attorney, with authority to accept service of process against such corporation in said state; that the appointment has not been revoked; and that it is in full force and effect.

The statutory provisions governing the appointment of a resident agent are contained in the General Laws of Rhode Island 1923, c. 248, § 65, and the provisions governing the service of writs of summons upon foreign corporations are set forth in chapter 350, § 4, of the same statutes. Chapter 333, § 4, of the General Laws of Rhode Island 1923, contains the following provision:

"Sec. 4. If no one of the plaintiffs or defendants dwell within the state, and a corporation established out of the state be a party, such personal or transitory actions or suits by or against it may, if brought in the superior court, be brought in the court for any county, or if in a district court, in any district."

The question is one of jurisdiction which depends upon the wording of the local statutes or. the interpretation placed upon them by the State Supreme Court.

■ There are no provisions contained in the above-described statutes which expressly and definitely include the right to sue a foreign corporation for transitory actions of this kind. The references made in said section 4, chapter 333, to personal or transitory actions, have to do with the county or district in which such action may be brought. But no other reference is made to such actions in any other part of the statutes. There is no authoritative construction of such statutes by the State Supreme Court.

In Mitchell Furniture Co. v. Selden Breck Co., 257 U.S. 213, 42 S.Ct. 84, 85, 66 L.Ed. 201, Mr. Justice Holmes said:

"The purpose in requiring the appointment of such an agent is primarily to secure local jurisdiction in respect of business transacted within the State. Of course when a foreign corporation appoints one as required by statute it takes the risk of the construction that will be put upon the statute and the scope of the agency by the State Court. Pennsylvania Fire Insurance Co. v. Gold Issue Mining & Milling Co., 243 U.S. 93, 37 S.Ct. 344, 61 L.Ed. 610. But the reasons for a limited interpretation of a compulsory assent are hardly less strong when the assent is expressed by the appointment of an agent than when it is implied from going into business in the State without appointing one. In the later case the implication is limited to business transacted within the State. Simon v. Southern Ry. Co., 236 U.S. 115, 131, 132, 35 S.Ct. 255, 59 L.Ed. 492. Old Wayne Mutual Life Association v. McDonough, 204 U.S. 8, 22, 23, 27 S.Ct. 236, 51 L.Ed. 345. Unless the state law either expressly or by local construction gives to the appointment a larger scope, we should not construe it to extend to suits in respect of business transacted by the foreign corporation elsewhere, at least if begun, as this was, when the long previous appointment of the agent is the only ground for imputing to the defendant an even technical presence. Chipman, Ltd., v. Thomas B. Jeffery Co., 251 U.S. 373, 40 S.Ct. 172, 64 L.Ed. 314. The indications of the Ohio Statutes, so far as they go, look to 'liability incurred within this State.' Gen. Code, § 181. As we know of no decision to the contrary by the Supreme Court of Ohio, we are of opinion that the service upon Nash was bad."

In Missouri Pac. R. Co. v. Clarendon Boat Oar Co., 257 U.S. 533, 535, 42 S.Ct. 210, 211, 66 L.Ed. 354, it is stated that:

"Provisions for making foreign corporations subject to service in the state is a matter of legislative discretion, and a failure to provide for such service is not a denial of due process. Still less is it incumbent upon a state in furnishing such process to make the jurisdiction over the foreign corporation wide enough to include the adjudication of transitory actions not arising in the state. Indeed, so clear is this that in dealing with statutes providing for service upon foreign corporations doing business in the state upon agents whose designation as such is especially required, this court has indicated a leaning toward a construction, where possible, that would exclude from their operation causes of action not arising in the business done by them in the state. Mitchell Furniture Co. v. Selden Breck Construction Co., 257 U.S. 213, 42 S.Ct. 84, 66 L.Ed. 201; Old Wayne Mutual Life Association v. McDonough, 204 U.S. 8, 22, 27 S.Ct. 236, 51 L.Ed. 345; Simon v. Southern R. Co., 236 U.S. 115, 130, 35 S.Ct. 255, 59 L.Ed. 492."

See, also, Louisville & Nashville Railroad Co. v. Chatters, 279 U.S. 320, 49 S.Ct. 329, 73 L.Ed. 711.

■ The defendant has not consented to the bringing of this action in this district. The state law does not contain elasticity enough to permit such a construction, and no such construction allowing the adjudication of transitory actions not arising in the state has been made by the state court. Under such conditions and supported by the position indicated by the Supreme Court of the United States, though not in a formal opinion, this court concludes that this action should not be allowed in this district.

It is not necessary to determine whether the service was sufficient and proper.

The plaintiff's demurrer is overruled, and the defendant's plea to this jurisdiction is sustained.