## SMITH v. HYDRO GAS CO. OF WEST FLORIDA, Inc., et al.

### No. 11660.

Circuit Court of Appeals, Fifth Circuit.

Nov. 14, 1946.

J. Kirkman Jackson, of Birmingham, Ala., for appellant.

C. B. Arendall, Jr., and T. Massey Bedsole, both of Mobile, Ala., and Frank M. Young, of Birmingham, Ala., for appellees.

Before HOLMES, McCORD, and LEE, Circuit Judges.

HOLMES, Circuit Judge.

This is an action for damages for the death of appellant's intestate, which was caused by the explosion of butane gas in an underground tank. The complaint charges negligence in the manufacture and installation of the tank that contained the gas. The partners who manufactured the tank, and the corporation that installed it, were made defendants. This appeal was taken from a judgment dismissing the action for lack of venue under Section 51 of the Judicial Code.[1]

The plaintiff is a citizen and resident of Pennsylvania. The constituent members of the partnership that manufactured the tank are citizens of Alabama and residents of the northern district thereof. The Hydro Gas Company of West Florida, Inc., was organized under the laws of Florida, and is deemed a citizen of that state for jurisdictional purposes. This action was filed in the district court of the United States for the southern district of Alabama.

Jurisdiction in this cause depends wholly upon diversity of citizenship; and, since none of the parties resided in the southern district of Alabama, it is apparent that the venue was improperly laid unless the gas company, expressly or impliedly, consented to be sued in that district. It is agreed that the judgment below was correct if venue was improperly laid as to the gas company.

The explosion and death occurred in Florida; the cause of action relied on arose in Florida; and the law of that state governs the substantive rights of the parties.

---

[1] 28 U.S.C.A. § 112.

In 1937, the gas company qualified to do business in Alabama and appointed J. C. Beatty its statutory agent for service of process; but it ceased to do business in that state prior to 1940, though it never revoked of record the appointment of Beatty as its statutory agent. It was not doing business therein when this suit was filed or when the accident happened. When service of process was attempted to be made upon the company, Beatty was no longer a resident of the district, and could not be found therein, having left the state. Thereupon, service upon the corporation was attempted by delivering a copy of the summons and complaint to the Secretary of State of Alabama.

We do not need to decide whether the Alabama statute would be unconstitutional if construed in accordance with appellant's contention.[2] We do not need to decide whether such contention has been rejected by the Supreme Court of Alabama.[3] The narrow question is whether the gas company, by qualifying to do business and appointing a statutory agent as aforesaid, consented to be sued in Alabama upon a cause of action arising wholly outside the state after it had ceased to do business therein.

It should be noted that Beatty, the person actually designated by the gas company as its statutory agent, was not served, and that the secretary of state was never in fact designated to be its agent. There appears to be no requirement that provides for the filing of any instrument revoking the appointment of a statutory agent. On the contrary, the corporation was expressly re-

quired to keep an agent within the state for a limited period after it ceased to do business therein. If it failed to do so, the secretary of state was deemed its agent for the service of process.

Under Section 192, Title 7, of the Alabama Code of 1940, in the event a foreign corporation withdraws from the state, it must continue to maintain an agent for process within the state until the time has expired within which actions may be brought against it. If it shall fail to do so and fail to appoint the secretary of state as such agent, then such corporation as a matter of law shall be deemed to have consented to the latter being its agent for the service of process "until the statutes of limitations shall have run against the bringing of actions against said corporation."[4]

The above statute evidently refers to causes of action that arose while the corporation was doing business in Alabama. It was not intended to subject a foreign corporation that had ceased doing business in the state to suits in the courts of Alabama on causes of action thereafter arising in another state.[5]

Having once subjected itself to the state's jurisdiction by doing business within its borders, the corporate defendant by ceasing to do business therein cannot deprive the state of jurisdiction as to a cause of action arising out of business already done therein,[6] but as to things done by the corporation outside the state after its withdrawal, the issue before us transcends one of mere venue and becomes jurisdictional. In the absence of consent, the power to

---

[2] St. Louis Southwestern Railway Company v. Alexander, 227 U.S. 218, 33 S. Ct. 245, 57 L.Ed. 486, 1 Ann.Cas.1915B, 77; Philadelphia & Reading Railway Company v. McKibbin, 243 U.S. 264, 37 S.Ct. 280, 61 L.Ed. 710; Mitchell Furniture Company v. Selden Breck Construction Company, 257 U.S. 213, 42 S. Ct. 84, 66 L.Ed. 201; Missouri Pacific R. Co. v. Clarendon Boat Oar Co., 257 U. S. 533, 42 S.Ct. 210, 66 L.Ed. 354; Stephens v. Richman & Samuels, Inc., 5 Cir., 118 F.2d 1011, certiorari denied 314 U.S. 651, 62 S.Ct. 97, 86 L.Ed. 522; Knobloch v. Kellogg Company, 5 Cir., 154 F.2d 45.

[3] Jefferson Island Salt Company v. E.

J. Longyear Company, 210 Ala. 352, 98 So. 119; Parker v. Central of Georgia R. Company, 233 Ala. 149, 170 So. 333.

[4] Section 192, Title 7, of the Alabama Code of 1940.

[5] Chipman, Ltd., v. Thomas B. Jeffery Co., 251 U.S. 373, 40 S.Ct. 172, 64 L. Ed. 314; Id., 2 Cir., 260 F. 856. "Since it is the withdrawal of business and not the formal revocation of the agency which takes such causes of action out of the jurisdiction of this court, it was correctly decided in the principal case that the lack of such revocation is immaterial." 33 Harvard Law Review, 731.

[6] Restatement on Conflict of Laws, Section 93.

render judgment in personam depends upon the presence or activities of the defendant within the territorial jurisdiction of the court rendering the judgment.[7]

When the gas company, which is the only corporate defendant here, ceased to do business in Alabama, and severed all ties, contacts, and relations within the state, even failing to maintain an agent there upon whom process might be served, its withdrawal from the state was complete and its liability to suit became exactly the same as if it had never entered the state and qualified under its laws to transact business therein as a foreign corporation, except that, as to suits upon causes of action arising prior to its withdrawal and while it was there engaged in business, the Secretary of State of Alabama was deemed its agent for the service of process for the period prescribed by statute.[8]

The judgment appealed from is affirmed.

---

[7] International Shoe Co. v. State of Washington, Office of Unemployment Compensation and Placement, 326 U.S. 310, 316. 66 S.Ct. 154. 161 A.L.R. 1057.

[8] Section 192, Title 7, of the Alabama Code of 1940.