306 A.2d 839.

KURLAND AUTO LEASING, INC. *vs.* I.S.K. OF
MASSACHUSETTS, INC. *et al.*

JULY 6, 1973.

PRESENT: Roberts, C. J., Paolino, Kelleher and Doris, JJ.

PAOLINO, J. This is a civil action to collect on a judgment entered in favor of the plaintiff against the defendants in the Supreme Court, Rockland County, State of New York.

The pertinent facts are relatively simple. The plaintiff, a New York corporation doing business in that state, is engaged in the business of leasing automobiles. The de-defendant, I.S.K. of Massachusetts, Inc., is a Massachusetts corporation doing business in Rhode Island. Howard G. Bass, the other defendant, is president of I.S.K. of Massachusetts, Inc. The case before us involves only the appeal of defendant corporation and for that reason we shall treat the case as if it were the only defendant.

On October 18, 1969, plaintiff and defendant entered into a written contract in the state of New York for the lease of a 1969 automobile. On June 8, 1970, plaintiff brought an action against defendant in the Supreme Court, Rockland County, State of New York, for money allegedly due it under the lease. On June 11, 1970, defendant was served in Rhode Island under the New York Long-Arm Statute, N. Y. *Civ. Prac. Law & Rules* §302 (McKinney 1972), which provides that a New York court may exercise personal jurisdiction over any nondomiciliary, or his executor or administrator, who in person or through an agent transacts any business within the state. Section 302 reads as follows:

"§302. Personal jurisdiction by acts of nondomiciliaries

(a) Acts which are the basis of jurisdiction. As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal

jurisdiction over any nondomiciliary, or his executor or administrator, who in person or through an agent: 1. transacts any business within the state * * *."

Personal service was made on defendant at its place of business in Cranston, Rhode Island, pursuant to the provisions of Super. R. Civ. P. 4, but it chose not to answer the New York action. On August 25, 1970, as a result of defendant's failure to answer, a default judgment was entered against it by the New York court.

On July 6, 1971, plaintiff brought the instant action in the District Court of the Third Judicial District, to collect the New York judgment from defendant. The District Court granted plaintiff's motion for summary judgment.

The defendant appealed to the Superior Court where the case was heard de novo by a justice of that court. The plaintiff filed a Super. R. Civ. P. 56 motion for summary judgment and defendant filed a motion to dismiss for lack of jurisdiction. The trial justice denied defendant's motion to dismiss and granted plaintiff's motion for summary judgment. The case is before us on defendant's appeal from the order entered in the Superior Court pursuant to the decision of the trial justice.

## I

We consider first defendant's contention that the denial of its motion to dismiss the Rhode Island action was error. The defendant based its motion to dismiss on the ground of improper venue, alleging that G. L. 1956 (1969 Reenactment) §9-4-5, as amended by P. L. 1969, ch. 239, sec. 7, does not confer jurisdiction on the Superior Court to try a transitory cause of action arising outside the state of Rhode Island against a foreign corporation.[1] In support

---

[1]General Laws 1956 (1969 Reenactment) §9-4-5 reads as follows:

"Venue of actions between nonresident parties.—If no one of the plaintiffs or defendants dwell within the state, and a corporation established out of the state be a party, such personal or transitory actions or suits by or against it may, if brought in the superior court, be brought in the court for any county, or if in a district court, in any district."

of its position defendant cites *Hughes* v. *Johnson Educator Food Co.,* 14 F. Supp. 999 (D. R. I. 1936). *Hughes* was decided in 1936. It involved an automobile accident which occurred in Massachusetts. The plaintiff was a Rhode Islander and defendant was a Massachusetts corporation. Service was made upon a resident of this state who was an agent of the Massachusetts corporation. The District Court held that jurisdiction over the Massachusetts corporation could not be obtained by that kind of service.

The defendant argues here, as it did in the Superior Court, that the *Hughes* case stands for the proposition that under §9-4-5 Rhode Island courts do not have jurisdiction to hear this action because the contract involved here was executed in New York with a New York corporation.

The trial justice noted in his decision that *Hughes* was decided prior to the enactment of our minimum contacts statute, P. L. 1960, ch. 124, sec. 1, now G. L. 1956 (1969 Reenactment) §9-5-33.[2] He also noted that defendant in

---

[2]General Laws 1956 (1969 Reenactment) §9-5-33 reads as follows:

"Jurisdiction over foreign corporations and over nonresident individuals, partnerships, or associations.—Every foreign corporation, every individual not a resident of this state or his executor or administrator, and every partnership or association, composed of any person or persons, not such residents, that shall have the necessary minimum contacts with the state of Rhode Island, shall be subject to the jurisdiction of the state of Rhode Island, and the courts of this state shall hold such foreign corporations and such nonresident individuals or their executors or administrators, and such partnerships or associations amenable to suit in Rhode Island in every case not contrary to the provisions of the constitution or laws of the United States.

"Service of process may be made on any such foreign corporation, nonresident individual or his executor or administrator, and such partnership or association within or without the state in the manner provided by any applicable procedural rule or in the manner prescribed by order of the court in which such action is brought.

"Nothing herein shall limit or affect the right to serve process upon

the case at bar acknowledged that it was doing business in Rhode Island at the time this action was brought against it. He therefore concluded that the Superior Court had venue and that defendant was properly before the court. Accordingly, he denied defendant's motion to dismiss. We agree.

[1]    In the Rhode Island action defendant was served pursuant to Super. R. Civ. P. 4(d)(3).[3] Personal service was made on the president of defendant corporation at its place of business in Cranston, Rhode Island. The defendant admits that it was doing business here. In these circumstances the courts of this state clearly had jurisdiction over the parties, defendant as well as plaintiff. *Hughes* v. *Johnson Educator Food Co., supra,* is factually distinguishable from the instant case. On this record we do not reach the question of minimum contacts in determining whether the Superior Court had jurisdiction over the defendant in the case at bar.

## II

We come now to defendant's argument that the trial justice erred in granting plaintiff's motion for summary judgment. The plaintiff based its motion on the ground that

---

such nonresident individual or his executor or administrator, or such partnership or association, or a foreign corporation within this state or without this state in any manner now or hereafter permitted by law."

[3]Super. R. Civ. P. 4(d)(3) prescribes the method of making service in this state upon a private corporation, domestic or foreign. It states: "Service shall be made as follows:
* * *
"(3) Upon a private corporation, domestic or foreign, by delivering a copy of the summons and complaint to an officer, a managing or general agent, or by leaving a copy of the summons and complaint at an office of the corporation with a person employed therein, or by delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process, provided that if the agent is one designated by statute to receive service, such further notice as the statute requires shall be given."

on the basis of the undisputed facts as disclosed by the pleadings and the documents which had been filed as exhibits, it was entitled to judgment as a matter of law. The defendant filed an affidavit and a memorandum in opposition to plaintiff's motion for summary judgment wherein it alleged improper notice, inconvenient forum, and lack of minimum contacts through which New York could have gained jurisdiction over it.

In passing on the motion for summary judgment the trial justice noted that the issue of the jurisdiction of the New York court over defendant had been raised in the Rhode Island action by defendant. He held that it was proper to raise that issue in the court where the judgment is sought to be enforced; that if the forum court finds that the court which rendered the judgment had jurisdiction of the parties, then the forum court must give that judgment full faith and credit. We agree. *Williams* v. *North Carolina*, 317 U. S. 287, 63 S.Ct. 207, 87 L.Ed. 279 (1942); *Chicago Life Ins. Co.* v. *Cherry*, 244 U. S. 25, 37 S.Ct. 492, 61 L.Ed. 966 (1917); *National Exchange Bank* v. *Wiley*, 195 U. S. 257, 25 S.Ct. 70, 49 L.Ed. 184 (1904).

After discussing the affidavit filed by defendant, the trial justice referred to §302 of the New York statute which provides in part that a court of that state may exercise personal jurisdiction over any nondomiciliary who in person or through an agent transacts any business within the state of New York. He then pointed out that defendant had admitted by affidavit and in its memorandum that the contract was made and executed in New York. He concluded that the making and execution of the contract in New York was a transaction of business in that state within the meaning of §302 and was sufficient to bring defendant within the jurisdiction of the New York court. In arriving at this conclusion the trial justice also pointed out that plaintiff was a New York corporation and said

that the courts of New York would have an interest to provide a remedy to its citizens, including New York corporations. He also said that the case at bar was a stronger case than *McGee* v. *International Life Insurance Co.*, 355 U. S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957).

In *McGee* the decedent, a California resident, had purchased a life insurance policy in that state from an Arizona company whose obligations were later assumed by International Life Insurance Co., a Texas corporation. Except for the policy involved in that case, neither insurance company had ever engaged in business in California, nor had an office or agent there. The contract was delivered in California, the premiums were mailed from there, and decedent was a resident of that state when he died. Upon decedent's death the beneficiary under the policy brought suit in California and International Life Insurance Co. was served, pursuant to the California statute, by registered mail to its principal place of business in Texas. The court held that the due process clause of the fourteenth amendment did not preclude the California court from entering a judgment binding on International Life Insurance Co., since the suit was based on a contract which had a substantial connection with Carlifornia.

With respect to the other allegations in defendant's affidavit, the trial justice, after discussing the travel of these proceedings, found that service on defendant in Rhode Island was proper to bring defendant within the jurisdiction of the courts of the state of New York " * * * not only on the theory of *McGee* v. *International Life Insurance Company*, but on the basis of the statute which was enacted here"; that defendant did have adequate notice and sufficient time to prepare a defense; and that its execution and formation of the contract was a substantial connection with the state of New York. He concluded that the New York court did have jurisdiction over defendant and that, there-

fore, the New York judgment was entitled to full faith and credit. Accordingly, he granted plaintiff's motion for summary judgment. In making this decision the trial justice noted that he had examined all the papers in the case.

The defendant argues in substance that the pleadings and affidavits disclose facts which, when viewed in the light most favorable to it, present genuine issues of facts with respect to questions of proper notice, inconvenient forum, and lack of sufficient minimum contacts. In the circumstances, he contends that the trial justice erred in granting plaintiff's motion for summary judgment.

We agree that in ruling on a motion for summary judgment the trial justice must consider affidavits and pleadings in the light most favorable to the opposing party, and only when it appears that no genuine issue of material fact is asserted can summary judgment be ordered. *Marandola* v. *Hillcrest Builders, Inc.*, 102 R. I. 46, 227 A.2d 785 (1967). But we do not agree that the pleadings and affidavits disclose any genuine issue of material fact. That the formation and execution of the contract took place in New York is undisputed. Likewise, it is undisputed that personal service was made in Cranston, Rhode Island, on defendant's president pursuant to Super. R. Civ. P. 4. Finally, the question of the applicability of the New York Long-Arm Statute presented a question of law and not one of fact. There may have been issues but they were not genuine issues of material facts.

It seems to us that the only question raised here is whether the New York minimum contacts statute meets the constitutional test set forth in *International Shoe Co.* v. *Washington*, 326 U. S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945), and if so, whether the New York court applied it correctly. The due process test set forth in *International Shoe Co.* v. *Washington, supra,* states:

> " * * * due process requires only that in order to subject a defendant to a judgment *in personam,* if he be

not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Id.* at 316, 66 S.Ct. at 158, 90 L.Ed. at 102.

We believe that the provision in the New York statute providing that a court of that state may exercise in personam jurisdiction over any nondomiciliary who in person or through an agent transacts any business within the state is sufficient to meet the constitutional test stated above. *See Conn v. ITT Aetna Finance Co.,* 105 R. I. 397, 252 A.2d 184 (1969).

There is nothing in this record indicating that the New York court failed to apply the statute correctly. The plaintiff was a New York corporation; the contract was formed and executed in New York; the formation and execution of the contract in New York was transacting business there within the contemplation of §302; and, finally, defendant was served personally in Rhode Island.

The trial justice correctly found that the New York court had jurisdiction over defendant. Since the New York court had jurisdiction over the defendant, full faith and credit must be given by the courts of this state to the New York judgment under art. IV, sec. 1 of the Federal Constitution. *Ramsay* v. *Ramsay,* 79 R. I. 441, 90 A.2d 433 (1952); *Rathbone* v. *Terry,* 1 R. I. 73 (1837). We find no error in the trial justice's ruling granting the plaintiff's motion for a summary judgment.

The defendant's appeal is denied and dismissed, the judgment appealed from is affirmed, and the case is remitted to the Superior Court for further proceedings.

Mr. Justice Joslin did not participate.

*Stephen G. Linder,* for plaintiff.

*Gelfuso and Cappalli, Inc., A. William Gelfuso, Richard A. Cappalli, Paul A. Sassi,* for defendant.