# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
## IN AND FOR NEW CASTLE COUNTY

IN RE: ASBESTOS LITIGATION    )
    )
Limited to:    )
MARY ANNE HUDSON    )
        Plaintiff,    )
    )
    v.    )  **C.A. No. N14C-03-247 ASB**
    )
INTERNATIONAL PAPER    )
COMPANY, *et al.,*    )
        **Defendants.**    )

Submitted: July 21, 2015
Decided: August 25, 2015

## ORDER ON DEFENDANT INTERNATIONAL PAPER COMPANY'S MOTION FOR REARGUMENT OF THE ORDER DENYING ITS MOTION TO DISMISS

This 25th day of August, 2015, upon consideration of Defendant International Paper Company's ("International Paper") Motion for Reargument (D.I. 253) of this Court's order denying International Paper's motion to dismiss for lack of personal jurisdiction (D.I. 246), Plaintiff Mary Anne Hudson's response thereto (D.I. 254), and the record in this matter, it appears to the Court that:

(1) A motion for reargument under Superior Court Civil Rule 59(e) permits the Court to reconsider its findings of fact, conclusions of law, or

judgment.[1] "Delaware law places a heavy burden on a [party] seeking relief pursuant to Rule 59."[2] The moving party has the burden to demonstrate that the Court must correct an error of law in or prevent manifest injustice deriving from its judgment.[3] A Rule 59(e) application is not an avenue for the moving party to raise new arguments or to rehash arguments already decided by the Court.[4] And such motion will be denied unless the Court has "overlooked a controlling precedent or legal principles," or "has misapprehended the law or facts such as would have changed the outcome of the underlying decision."[5] Upon a Rule 59(e) reargument

---

[1]    *Bd. of Managers of the Delaware Criminal Justice Info. Sys. v. Gannett Co.*, 2003 WL 1579170, at *1 (Del. Super. Ct. Jan. 17, 2003), *aff'd in part*, 840 A.2d 1232 (Del. 2003) (internal quotations omitted); *Cummings v. Jimmy's Grille*, 2000 WL 1211167, at *2 (Del. Super. Ct. Aug. 9, 2000).

[2]    *Kostyshyn v. Comm'rs of Bellefonte,* 2007 WL 1241875, at *1 (Del. Super. Ct. Apr. 27, 2007).

[3]    *See Hessler, Inc. v. Farrell*, 260 A.2d 701, 702 (Del. 1969) ("manifest purpose of all Rule 59 motions is to afford the Trial Court an opportunity to correct errors"); *Reid v. Hindt*, 2008 WL 2943373, at *1 (Del. Super. Ct. July 31, 2008).

[4]    *CNH Am., LLC v. Am. Cas. Co. of Reading, Pa.*, 2014 WL 1724844, at *1 (Del. Super. Ct. Apr. 29, 2014); *Reid*, 2008 WL 2943373, at *1; *Fisk Ventures, LLC v. Segal,* 2008 WL 2721743, at *1 (Del. Ch. July 3, 2008) ("[R]elief under Rule 59 is available to prevent injustice – not to offer a forum for disgruntled litigants to recast their losing arguments with new rhetoric.") (internal quotations and citations omitted).

[5]    *Jackson v. Wallo*, 2012 WL 6846548, at *2 (Del. Super. Ct. Dec. 26, 2012) (quoting *Lamourine v. Mazda Motor of Am., Inc.*, 2007 WL 3379048, at *1 (Del. Super. Ct. Sept. 24, 2007)).

motion, the Court "will determine from the motion and answer whether reargument will be granted."[6]

(2)  International Paper raises several grounds for reargument:

- The Court relied on "outdated and inconsistent" personal jurisdiction precedent that International Paper claims is now "superseded"[7] by the United States Supreme Court decisions in *Goodyear Dunlop Tires Operations, S.A. v. Brown*,[8] and *Daimler AG v. Bauman;*[9]

- The Court failed to consider *Chipman, Ltd. v. Thomas B. Jeffrey Co.*;[10]

- The Court failed to consider the factual distinctions between the present case and *Sternberg v. O'Neil*;[11] and

- The Court failed to address the constitutionality of Delaware's registration statute "coupled with its punitive fines for failure to register" under the Commerce Clause of the United States Constitution.[12]

(3)  Ms. Hudson contends International Paper simply rehashes arguments already presented to and rejected by the Court.

---

[6]  Super. Ct. Civ. R. 59(e).

[7]  Def.'s Mot. Reargument at 2.

[8]  131 S. Ct. 2846 (2011).

[9]  134 S. Ct. 746 (2014).

[10]  251 U.S. 373 (1920).

[11]  550 A.2d 1105 (Del. 1988).

[12]  *See* Def.'s Mot. Reargument at 2, 2 n.1.

(4)     This Court relied, in part, on three Delaware federal district court decisions that expressly addressed whether *Sternberg* was still good Delaware law after *Daimler* and *Goodyear*.[13]  At the hearing, the Court understood the "overlay" International Paper wanted to add to the *Daimler* analysis.[14]  But the Court found the reasoning of the majority of the federal district court more persuasive: express consent – by registering to do business in a state in accordance with state statutes – remains a valid basis for personal jurisdiction.[15]  In the Court's reading of *Daimler*, the United States Supreme Court did, in fact, have "consent" in mind when issuing

---

[13]     *See Novartis Pharm. Corp. v. Mylan Inc.*, 2015 WL 1246285 (D. Del. Mar. 16, 2015); *Forest Labs., Inc. v. Amneal Pharm. LLC*, 2015 WL 880599 (D. Del. Feb. 26, 2015); *Acorda Therapeutics, Inc. v. Mylan Pharm. Inc.*, -- F.Supp.3d -- , 2015 WL 186833 (D. Del. Jan. 14, 2015); *contra AstraZeneca AB v. Mylan Pharm. Inc.*, 72 F. Supp. 3d 549 (D. Del. 2014).  *See also* Hr'g Tr., July 9, 2015, at 39-41 (discussing district court cases):

> The Court:     [. . .] On the facts of the complaint here and what I believe to be more persuasive decisions by the District of Delaware, the fact is that *Sternberg v. O'Neil* still is good law here in Delaware.  I understand the overlay that the defendants wish to place on it.  [. . . ] Under *Forest Labs* [and] *Sternberg*, this Court finds that International Paper in this particular circumstance has expressly consented to personal jurisdiction in Delaware. . .

*Id.* at 40-41.

[14]     *See* Hr'g Tr., July 9, 2015, at 41.  The Court appreciates International Paper's argument that, post-*Daimler*, the concept of consenting to a state's jurisdiction by registering to do business within that state – and nothing else – might be scrutinized for compliance with due process requirements.  *See generally* Tanya J. Monestier, *Registration Statutes, General Jurisdiction, and the Fallacy of Consent*, 36 CARDOZO L. REV. 1343 (2015) (questioning the validity of courts' reliance on consent-based general jurisdiction arising from registering to do business within state).  Certainly, the law on this issue may be in flux.  For instance, the Court understands the issue is currently being briefed before the United States Court of Appeals for the Third Circuit.

[15]     *See supra* note 13.

-4-

that opinion but chose not to address its continued applicability in light of its holding.[16] International Paper essentially asks this Court to "'overrule' Supreme Court precedent that the Supreme Court has not overruled."[17] The Court finds International Paper's attempt to reargue this issue does not meet the standard under Rule 59(e).

(5) International Paper also argues the Court overlooked its argument that the present case is factually similar to *Chipman*. International Paper brought the *Chipman* case to the Court's attention for the first time at oral argument.[18] Even still, this is not an area where the Court misapprehended the law or overlooked controlling legal precedent. *Chimpan* involved the in-state service on a defendant that had ceased doing business within New York, but that had not yet revoked its registration to do business within New York.[19] The *Chipman* Court treated that

---

[16] Neither the *Daimler* nor the *Goodyear* Courts mention consent – International Paper conceded as much. *See* Hr'g Tr., July 9, 2015, at 9, 30. But there is evidence that the Supreme Court at least had consent in mind when ruling in those cases. *See Daimler AG v. Bauman*, 134 S. Ct. 746, 755-56 (2014) ("Our post-*International Shoe* opinions on general jurisdiction. . . are few. '[The Court's] 1952 decision in *Perkins v. Benguet Consol. Mining Co.* remains the textbook case of general jurisdiction appropriately exercised over a foreign corporation that has *not consented to suit in the forum*.'") (emphasis added) (citing *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2856 (2011)).

[17] *See Novartis*, 2015 WL 1246285, at *3 (noting *Daimler* did not mention consent).

[18] *See* Hr'g Tr., July 9, 2015, at 15-16.

[19] *Chipman, Ltd. v. Thomas B. Jeffrey Co.*, 251 U.S. 373, 378 (1920).

case as one of "constructive presence in the state."[20]  Turning to New York law, the Court found New York lacked personal jurisdiction over the defendant.[21] International Paper argues that under this case's purportedly similar facts, this Court should have applied *Chipman*'s ruling and dismissed the case for lack of personal jurisdiction.[22]

(6)    *Chipman* does not stand for the proposition that a state's statute conferring jurisdiction over a foreign corporation registered to do business in that state is *per se* unconstitutional.[23]  In the ensuing near-century since *Chipman* was

---

[20]    *Id.*

[21]    *Id.* ("for light we must turn to New York decisions").

[22]    *See* Hr'g Tr., July 9, 2015 at 15; Def.'s Mot. Reargument at 6.

[23]    *See King v. Am. Family Mut. Ins. Co.*, 632 F.3d 570, 576 (9th Cir. 2011) (interpreting *Pennsylvania Fire Ins. Co. v. Gold Issue Mining & Milling Co.*, 243 U.S. 93 (1917); *Chipman*, and *Robert Mitchell Furniture Co. v. Selden Breck Const. Co.*, 257 U.S. 213 (1921) to "collectively stand for the proposition that federal courts must, subject to federal constitutional restraints, look to state statutes and case law in order to determine whether a foreign corporation is subject to personal jurisdiction in a given case because the corporation has appointed an agent for service of process").  The Ninth Circuit interpreted Montana law to mean simply appointing an agent for service of process "does not, standing alone, subject foreign corporations to jurisdiction in Montana for acts performed outside of Montana, at least when the corporations transact no business in the state." *Id.* at 578.

International Paper relies on *Burnham v. Superior Court of California, County of Marin*, for the proposition that the Supreme Court has abolished "legal fictions" – such as "consent and presence" – in the personal jurisdiction context.  *See* 495 U.S. 604 (1990); Def.'s Mot. Reargument at 3.  Yet, the *Burnham* Court itself noted:

> [w]here. . . a jurisdictional principle is both firmly approved by tradition and still favored, it is impossible to imagine what standard we could appeal to for the judgment that it is 'no longer justified.' . . . . The 'contemporary notions of due process' applicable to personal jurisdiction are the enduring '*traditional*

-6-

decided, corporate defendants have consistently been considered to have consented to a state's jurisdiction through a registration statute.[24] This Court found (and still finds) that *Daimler* does not foreclose a state registration statute from conferring jurisdiction over a foreign corporation registered to do business in Delaware by virtue of its express consent.[25] International Paper does not meet its heavy burden to demonstrate an error of law in need of correction or manifest injustice that must be prevented. International Paper just restyles an argument it has already presented.

---

notions of fair play and substantial justice' established as the test by *International Shoe*. By its very language, the test is satisfied if a state court adheres to jurisdictional rules that are generally applied and have always been applied in the United States.

*Id.* at 622-23. In fact, consent remains one of the traditional forms of establishing personal jurisdiction. *See J. McIntyre Mach., Ltd. v. Nicastro*, 131 S. Ct. 2780, 2787 (2011); *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 n.14 (1985); *Bane v. Netlink, Inc.*, 925 F.2d 637, 641 (3d Cir. 1991).

[24] *See Forest Labs., Inc. v. Amneal Pharm. LLC*, 2015 WL 880599, at *10-11 (D. Del. Feb. 26, 2015) (discussing *Neirbo Co. v. Bethlehem Shipbuilding Corp.*, 308 U.S. 165 (1939), *Pennsylvania Fire*, and *Robert Mitchell*); *Cont'l Cas. Co. v. Am. Home Assurance Co.*, 61 F. Supp. 2d 128, 129-30 (D. Del. 1999) ("Both the United States Supreme Court and the Supreme Court of Delaware have held that a foreign corporation which authorizes an agent to receive service of process in compliance with the requirements of a state registration statute has consented to the exercise of personal jurisdiction in that state, even with regard to causes of action that do not arise from events or transactions occurring within that state."); *Bane*, 925 F.2d at 641.

[25] *See, e.g.*, *Forest Labs.*, 2015 WL 880599, at *10-11 (discussing *Sternberg*'s holding in light of Supreme Court precedent stating courts should look to state statutes and interpretive case law to determine the scope of consent to personal jurisdiction); *Acorda Therapeutics, Inc. v. Mylan Pharm. Inc.*, -- F.Supp.3d -- , 2015 WL 186833, at *8 (D. Del. Jan. 14, 2015) ("Even after *International Shoe*, assessing whether a corporation may be held to have consented to the personal jurisdiction of the courts of a particular state is a matter to be determined by examination of the law of that state.").

(7)     International Paper next argues the Court overlooked what it claims are distinguishing facts in *Sternberg*.   At oral argument, International Paper claimed *Sternberg* was "potentially distinguishable here in that International Paper registered to do business in 2013."[26]   It then constructed an argument that if International Paper was winding down its business by then, this case's facts are similar to those in *Chipman*.[27]   To the Court, the salient facts in *Sternberg* are: defendant was a foreign corporation with a principal place of business outside of Delaware; it had registered to do business in Delaware; and it appointed an agent for service of process in Delaware.[28]   This Court fully addressed these facts and their applicability to this case in its ruling.   To the extent International Paper attempts to rehash this argument by casting *Sternberg* as having dissimilar operative facts, the Court finds this is a new argument improperly raised on reargument.

(8)     International Paper finally claims the Court failed to address its argument that the Delaware Registration Statute "*likely* violates the Commerce Clause of the [United States] Constitution."[29]   It is tempting for the Court to afford

---

[26]     Hr'g Tr., July 9, 2015, at 13.

[27]     *Id.* at 14-16.

[28]     *Sternberg v. O'Neil*, 550 A.2d 1105, 1107 (Del. 1988) (defendant was a foreign corporation registered to do business in Delaware under 8 *Del. C.* § 371).

[29]     *See* Def.'s Mot. Reargument at 2 (emphasis added).

this argument the same effort and consideration this complaining party has.[30] While asking this Court now to declare a more than century-old state statute[31] violative of the federal constitution, International Paper: failed to raise the argument when briefing its motion to dismiss; addressed it only in response to a question from the Court;[32] and now relegates it to a barely readable footnote (purportedly "due to page limitations") in an attempt to preserve it.[33] This is hardly the advocacy of a strong case that the Court must correct an error of law or prevent injustice. And so, the Court finds this argument does not meet the standard for Rule 59(e).

---

[30] International Paper relegates this argument to one sentence and a microscopic footnote. *See id.* at 2, 2 n.1 (noting International Paper "is not waiving th[e] argument ["that Delaware's registration statute . . . likely violates the Commerce Clause of the Constitution"] but does not re-address that argument in its motion for reargument "due to page limitations"").

[31] *See Model Heating Co. v. Magarity*, 81 A. 394 (Del. 1911) (discussing origins and existence of Delaware's foreign corporation registration statutes back to, at least, 1893).

[32] Hr'g Tr., July 9, 2015, at 11-12:

> [Defendant's Counsel]: Your Honor, I still believe that both the legislature and the state court is bound by, is constrained by due process. [. . .] [A] statute with the language that's in the Delaware statute for a registered agent, if that constitutes express[] consent, then that gives rise to the exorbitant scope of general personal jurisdiction across the country that is explicitly rejected by the Court in *Daimler*. [. . .]
>
> The Court: And you're asking me to hold the statute to be unconstitutional?
>
> [Defense Counsel]: I am, Your Honor, under the new Supreme Court precedent of *Daimler* and *Goodyear*.

[33] *See* Def.'s Mot. Reargument at 2.

(9) The Court finds that International Paper moves the Court to reconsider certain conclusions of law by reconstituting arguments already presented and raising arguments that could have been properly raised in the briefing or at the hearing in this matter.[34] This is not appropriate under Rule 59(e). Because International Paper fails to meet its heavy burden of demonstrating a need to correct an error of law or to prevent manifest injustice, the Motion for Reargument is **DENIED.**

**IT IS SO ORDERED.**

*/s/ Paul R. Wallace*
**PAUL R. WALLACE, JUDGE**

Original to Prothonotary
cc: All counsel via File & Serve

---

[34] *See CNH Am., LLC v. Am. Cas. Co. of Reading, Pa.*, 2014 WL 1724844, at *1 (Del. Super. Ct. Apr. 29, 2014).